UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAEID MOHEBBI, | Case No.: 13-CV-03044-LHK |
| Plaintiff, | ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| MAHNAZ KHAZEN, *et al.*, | |
| Defendants. | |

Pending before the Court is "Plaintiff Motion for Temporary Restraining Order and Orders: (1) Freezing Assets (2) Requiring Accountings; (3) Repatriating Assets; (4) Appointing a Temporary Receiver; (5) Prohibiting the Destruction of Documents; (6) Expediting Discovery; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver." ECF No. 11 ("Motion").  For the reasons set forth below, the Court DENIES the Motion.

**I.    BACKGROUND**

On July 2, 2013, Plaintiff Saeid Mohebbi ("Plaintiff") filed a "Complaint for Federal Securities Law Violations, Conspiracy to Commit Securities Fraud, Civil Conspiracy, Concert of

1

Case No.: 13-CV-03044-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

Action, Aiding and Abetting Fruad [sic], Fraudulent or Intentional Misrepresentation, Fraud in the Inducement, Fraud in the Execution of Inception, Fraudulent Concealment, Embezzlement and Diversion of Funds, Conversion, Negligent Misrepresentation, Negligent Performance of an Undertaking, False and Misleading Advertising, Federal Racketeering, Conspiracy to Violate RICO, Unjust Enrichment, Intentional Infliction of Severe Emotional Distress, Injunctive Relief, [and] Declaratory Relief." ECF No. 1. The case was assigned to Magistrate Judge Howard Lloyd. On July 10, 2013, Plaintiff filed the above referenced Motion. ECF No. 11. Because Plaintiff requested immediate injunctive relief, and no parties had consented to magistrate judge jurisdiction, Judge Lloyd ordered the Clerk of Court to reassign the case to a district judge. ECF No. 12. The case was assigned to the undersigned judge on July 11, 2013. ECF No. 13.

Plaintiff's Motion states that the United States' Immigrant Investor Pilot Program, known as the EB-5 Program, provides "a method for foreign nationals to obtain U.S. residency by investing in domestic projects that will create or preserve a minimum number of jobs for U.S. workers." ECF No. 11-1 ("Mem. of Points and Authorities") at 3. This "program provides that foreign nationals may qualify to obtain a green card if the individuals invest $1,000,000 (or at least $500,000 in a 'Targeted Employment Area' i.e., a high unemployment or rural area), creating or preserving at least 10 jobs for U.S. workers, excluding the investor and his or her immediate family." *Id.*

Plaintiff, an Iranian citizen, decided to immigrate to the United States through the investor program in 2012. ECF No. 11-2 ("Decl. of Saeid Mohebbi") at ¶¶ 1 and 3. Defendant U.S. Immigration Investment Center ("USIIC") purports to be the "only EB-5 Regional Center Organization with its foundation in United States banking" and purports to assist individuals from around the world "to invest in the recapitalization of U.S. Community and Private Banks and create or preserve jobs while achieving the fastest path to U.S. residency and citizenship." ECF No. 1 ("Complaint") at ¶ 22. Defendants Mahnaz Khazen, Michael Shadman, Violet Parvarandeh, Pirooz Parvarandeh, and Stacey Conti are officers and directors of USIIC. *Id.* at ¶¶ 13-17.

In July 2012, Plaintiff hired Defendants to assist him with the EB-5 Program process. ECF No. 11-2 (Decl. of Saeid Mohebbi) at ¶¶ 14, 16 and ECF No. 11-2, Exh. 4 ("Engagement

Agreement"). Plaintiff asserts that Defendants fraudulently induced Plaintiff to wire more than $1,000,000 in investment funds plus $59,000 for USIIC's administration fee to Defendants' U.S. Bank accounts. ECF No. 11-1 (Mem. of Points and Authorities) at 4. Plaintiff asserts that on August 27, 2012, Defendant Khazen emailed Plaintiff stating that "Federal Law prohibits foreign nationals to invest into troubled or failed banks." ECF No. 11-2 (Decl. of Saeid Mohebbi) at ¶ 19 citing Exhibit 7. However, Defendant Khazen's email of August 27, 2012 to Plaintiff states: "I was told you had a question if we could legally process your EB5 investment While we are pending status on indirect job application known as Regional Center We are legally permitted to provide an investment vehicle under direct EB5 for your green card request Usiic LLC is a legal entity managing your investment through direct investment of EB5". Exhibit 7 to ECF No. 11-2.

Plaintiff also cites a September 28, 2012 email from the Fragomen, Del Rey, Bernsen & Loewy law firm, which USIIC purportedly retained on behalf of Plaintiff. ECF No. 11-2 (Decl. of Saeid Mohebbi) at ¶¶ 24-25. The email states that the documentation that USIIC and Defendants provided does not establish that Plaintiff invested into a business entity that may qualify Plaintiff for approval under the EB-5 category; that the law firm will need to await the U.S. Citizenship and Immigration Services' approval of USIIC's Regional Center application before the law firm can file a petition on behalf of Plaintiff; that Federal Law prohibits foreign nationals from investing into failing banks in the United States; that Plaintiff is precluded from actually purchasing a direct interest in one of the banks that would be the subject of an investment by a Regional Center; and that there is insufficient evidence to confirm the lawful source of Plaintiff's money. Exhibit 9 to ECF No. 11-2.

In early 2013, after consulting with different immigration attorneys, Plaintiff "became convinced that USIIC was either an incompetent or fraudulent operation and began to make inquiries." ECF No. 11-2 (Decl. of Saeid Mohebbi) at ¶ 27. Plaintiff "did not get any convincing answer." *Id.* at ¶ 28. "In March 2013, frustrated with the apparent stonewalling from USIIC, Plaintiff retained the law firm of Campbell Warburton in San Jose, California to initiate mediation of this matter." *Id.* at ¶ 29. In April 2013, Plaintiff engaged attorney Tony Bayard de Volvo to assist with the mediation brief and to help secure mediation counsel. *Id.* at ¶ 30. USIIC's lawyer

3

Case No.: 13-CV-03044-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

emailed Mr. Bayard de Volvo that USIIC does not have any of Plaintiff's funds and that Plaintiff took the money out of the bank account without permission. *Id.* at ¶ 31. "Mr. Bayard de Volvo responded asking for the lawyer to clarify whether that was the case or whether that was simply some confusion and in fact the funds are invested or held somewhere." *Id.* at ¶ 31. "To date there has been no reasonable convincing response." *Id.* at ¶ 33.

## II.  ANALYSIS

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). The issuance of a preliminary injunction is at the discretion of the district court. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff has failed to establish that he will suffer irreparable harm absent a temporary restraining order. First and foremost, Plaintiff seeks a temporary restraining order to recover his investment money. However, injunctive relief is only available when legal remedies are "inadequate." *See Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) (the basis for injunctive relief is irreparable injury and the inadequacy of legal remedies). Thus, "[a] plaintiff is not entitled to an injunction if money damages would fairly compensate him for any wrong he may have suffered." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 595, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). "[P]urely monetary injury is compensable, and thus not irreparable." *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850-51 (9th Cir. 1985) ("The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm . . . ." (internal citations and quotations omitted)). Legal remedies are adequate to compensate Plaintiff for any money

4

Case No.: 13-CV-03044-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

damages; thus a temporary restraining order is unwarranted.

Moreover, Plaintiff has failed to show that his funds will be dissipated or his documents destroyed. Plaintiff's declaration concedes that Plaintiff does not know whether his funds have in fact been invested or are being held somewhere. ECF No. 11-2 (Decl. of Saeid Mohebbi) at ¶ 32. Plaintiff's lawyer is seeking clarification from Defendants' counsel. *Id.* at ¶¶ 31-33. Plaintiff's efforts to mediate this dispute in March and April 2013 indicate that Plaintiff considered this a civil dispute and not an urgent case of dissipation of funds. *Id.* at ¶¶ 29-30.

The Court need not reach the other elements of the *Winter* test because Plaintiff has failed to establish irreparable harm. Accordingly, Plaintiff's Motion is DENIED.

To expedite consideration of this case, the Court sets an expedited Initial Case Management Conference on Wednesday, September 11, 2013 at 2 p.m. in Courtroom 8 on the fourth floor of the U.S. Courthouse in San Jose. Plaintiff shall file Proofs of Service on all Defendants of the Complaint, Summons, and Motion (ECF No. 11) by July 18, 2013.

**IT IS SO ORDERED.**

Dated: July 15, 2013

_____
LUCY H. KOH
United States District Judge