1

2

3          UNITED STATES DISTRICT COURT

4         NORTHERN DISTRICT OF CALIFORNIA

5              SAN JOSE DIVISION

6

7    SAEID MOHEBBI,                        Case No.  13-cv-03044-BLF

          Plaintiff,
8                                          **ORDER (1) GRANTING IN PART AND**
        v.                                 **DENYING IN PART DEFENDANTS'**
9                                          **MOTION TO DISMISS; (2) GRANTING**
                                           **PLAINTIFF'S MOTION TO FILE A**
   MAHNAZ KHAZEN, et al.,                  **SECOND AMENDED COMPLAINT**
10
          Defendants.                      [Re:  ECF Nos. 34, 48]
11

12

13          Plaintiff Saeid Mohebbi ("Plaintiff" or "Mohebbi") brings this First Amended Complaint

14   ("FAC") against Defendants Mahnaz Khazen, Michael Shadman, Violet Parvarandeh, Pirooz

15   Parvarandah, and Stacey Conti (collectively, "Individual Defendants"), as well as U.S.

16   Immigration Investment Center LLC ("USIIC"), USIIC LLP, and USIIC 1 LP (collectively,

17   "USIIC Defendants"), for twenty-three causes of action, including claimed violations of federal

18   and state securities laws, fraud, false advertising, conversion, unjust enrichment, and common law

19   torts. These claims arise out of a contractual investment relationship entered into between the

20   parties. Plaintiff alleges that, in exchange for Defendants' assistance in applying for a federal EB-5

21   immigration visa, he invested over $1 million in a partnership. Plaintiff alleges that Defendants

22   fraudulently induced this investment and failed to comply with their obligations pursuant to the

23   contract, and seeks rescission of the agreement, damages, including punitive damages, and

24   attorneys' fees.

25          Defendants move to dismiss the FAC on two grounds: (1) that the claims alleged in the

26                                              1

27
Case No. 13-cv-03044-BLF
28   Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1   Complaint are subject to an arbitration agreement, and thus not appropriately adjudicated by the

2   district court, and (2) that each of Plaintiff's causes of action fails to state a claim for relief

3   pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff both opposes the

4   Motion to Dismiss and seeks leave of Court to file a Second Amended Complaint ("SAC").  In

5   Plaintiff's motion, he requests leave of court to  withdraw five causes of action from his FAC,

6   allege four new causes of action, and allege new facts regarding the causes of action that remain.

7   (ECF 50) Defendants opposed this request. (ECF 53) Pursuant to Civil Local Rule 7-1, the Court

8   finds the Motion to Amend to be appropriate for determination without oral argument. Civil L-R

9   7-1(b).

10        Having reviewed the briefing and oral argument of the parties, as well as the relevant case

11   law, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss. The

12   Court GRANTS Plaintiff's Motion for Leave to Amend the Pleadings, pursuant to the terms of

13   this Order.

## I.   BACKGROUND

### A.   Procedural History

16        Plaintiff filed its Complaint on July 2, 2013. (ECF 1) Defendants filed a Motion to Dismiss

17   on August 7, 2013. (ECF 19) Plaintiff elected to file a First Amended Complaint on August 28,

18   2013, naming the same Defendants. (ECF 29) Defendants filed a second Motion to Dismiss

19   ("Motion") on September 11, 2013. (ECF 34) Plaintiff filed an Opposition on September 25, 2013

20   (ECF 37) Defendants replied on October 2, 2013. (ECF 39)[1]

---

[1] Defendants re-filed its Motion and Reply upon the reassignment of this case to the undersigned Judge. For purposes of the case's procedural history, however, the Court considers the initial filing dates to be operative. Further, the re-filed Motion to Dismiss (ECF 48) looks to have been filed in error – Defendants' numbering of the causes of action are incorrect (for example, citing to Plaintiff's common law fraud claims as the "Sixth, Seventh, Eighth, and Ninth Causes of Action" when they are numbered the twelfth through fifteenth causes of action in the FAC). (ECF 48 at i, 10-12) When citing to the arguments made in the Motion to Dismiss, the Court considers the original document, at ECF 34, to be the operative pleading.

2

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Plaintiff further filed a Motion to Amend/Correct the Pleadings, seeking to file a Second

2  Amended Complaint, on April 23, 2014. (ECF 50) Defendants responded on May 7, 2014. (ECF

3  53) That same day, Plaintiff filed a Motion to Shorten Time in which to hear the Motion for Leave

4  to Amend. (ECF 54) After briefing, the Court denied this Motion. (ECF 61) Plaintiff filed his

5  Reply to Defendants' Opposition on May 14, 2014. (ECF 62)

6  **B.      Factual Allegations in the FAC**

7  Plaintiff is a Farsi-speaking Iranian citizen who resides in California. (FAC, ECF 29 ¶ 8)

8  Defendants Khazen, Shadman, Violet Parvarandeh, and Pirooz Parvarandah are individuals who

9  reside in California. (*Id.* ¶¶ 12-15) Defendant Conti is an individual who resides in Montana. (*Id.* ¶

10 16) Defendant USIIC LLC is a Delaware corporation with its principal place of business in

11 California. (*Id.* ¶ 9) Defendants USIIC LLP and USIIC 1 LP are partnerships organized under

12 Delaware law with principal places of business in California. (*Id.* ¶¶ 10-11)

13 Plaintiff's FAC arises out of a series of interactions with the Individual Defendants, and

14 two contractual agreements entered into with USIIC LLC. Plaintiff alleges that Defendants,

15 through fraud and misrepresentations, induced Plaintiff into making investments worth over $1

16 million in two partnership entities, in exchange for Defendants' assistance in navigating federal

17 visa procedures in order to obtain permanent residency and citizenship in the United States. (FAC,

18 ECF 29 ¶¶ 19-22). In order to best understand the Plaintiff's Complaint, a chronological

19 description of his interactions with the Defendants is most illustrative.

20 In 2012, Plaintiff, who was interested in seeking permanent residency in the United States,

21 learned about the EB-5 Immigrant Investor Visa Program via Farsi language satellite

22 advertisements. (*Id.* ¶ 27) This program is designed for foreign citizen investors, and permits a

23 foreign national to qualify for a green card, provided that individual invests a certain amount of

24 money (either $500,000 or $1,000,000, depending on certain factors) in the United States. Plaintiff

25 was thereafter shown a video produced by Defendant USIIC, in which it described the ways in

26

27  3

28  Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

which USIIC could assist foreign nationals in applying for the EB-5 program and investing in the United States. (*Id.*) Plaintiff contacted USIIC in March 2012, (*id.*), and met in person with the CEO of USIIC, Defendant Khazen, during a trip to the United States in April 2012. (*Id.* ¶¶ 28-29) During this meeting, Plaintiff was given USIIC promotional materials and was told about various "low-risk" investment opportunities, (*id.* ¶ 29), and alleges that Defendant Khazen informed him that USIIC was a United States Customs and Immigration Services ("USCIS") approved "EB-5 Regional Center." (*Id.* ¶ 29) It was during this meeting that Plaintiff initially expressed interest in investing with USIIC so as to qualify for an EB-5 Visa. (*Id.*) In June of 2012, Plaintiff received correspondence from Khazen that encouraged him to transfer funds to USIIC. (*Id.* ¶ 30) Then, in July of 2012, Plaintiff met with Khazen and Shadman in Dubai, a meeting in which Plaintiff alleges he was presented with information again stating that USIIC was an approved EB-5 regional center "with its foundation in banking." (*Id.* ¶ 32)

On July 22, 2012, Plaintiff was presented with an "Engagement Agreement," (ECF 29-3 at 13-18) (hereinafter "July 22 Agreement"), which outlined the terms of the relationship between Defendants and Plaintiff, including, among other things, that Defendants would seek out investment opportunities for Plaintiff that were compliant with the requirements of the EB-5 Visa Program. (FAC, ECF 29 ¶ 32) Plaintiff acknowledges that he signed this agreement, (*id.*), despite it being in English and Plaintiff being a native Farsi speaker who understood and spoke little English himself. (*Id.* ¶ 36) Plaintiff alleges that he asked Defendant Khazen to explain the contents of the document, which Khazen did in "five minutes in Farsi." (*Id.*) Plaintiff further alleges that Khazen did not inform Plaintiff that the contract contained an arbitration provision. (*Id.*)

In August 2012, Plaintiff was sent an email, in Farsi, from Defendant Shadman, stating that Plaintiff needed to transfer $1,000,000 to USIIC in order to be eligible for the EB-5 Visa program. (ECF 29 ¶ 34) Plaintiff states that Shadman's email claimed an August 15 deadline for the transfer of funds so that Plaintiff could be processed in the "first group" of green card

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    applicants. (*Id.* ¶ 34) Plaintiff, acting on the information provided in Shadman's email, transferred

2    $600,000 to Defendants on August 16, 2012. (*Id.*)

3          On August 27, 2012, Plaintiff received an email from Khazen, written in English, which

4    stated that USIIC's Regional Center status was "pending." (*Id.* ¶ 36) Plaintiff received a second

5    version of this email, which was translated into Farsi by a USIIC employee, Maryam Karimaneh.

6    (*Id.*) That same day, Plaintiff received an email, also in Farsi, from Khazen, which stated that

7    Plaintiff could not be provided with information about the pending Regional Center approval or

8    the bank in which his money had been invested. (*Id.*) Plaintiff's concerns about these facts caused

9    him to travel to the United States on a six-month tourist visa beginning in September 2012. (*Id.* ¶

10   37) During this visit, Plaintiff met with Defendants Violet and Pirooz Parvarandah, who he alleges

11   personally reassured Plaintiff that his funds had been properly invested. (*Id.*) After this meeting,

12   on September 24, 2012, Plaintiff transferred an additional $480,000 to USIIC's escrow account,

13   bringing his total investment to $1.08 million. (FAC, ECF 29 ¶ 37)

14         On September 27 2012, Plaintiff, along with Khazen and Karimaneh, met with attorneys at

15   Fragomen, Del Ray, Bernsen & Loewy, LLP ("Fragomen"), an immigration law firm, to discuss

16   his EB-5 application. (*Id.*) After that meeting, Plaintiff again spoke with Violet Parvarandah, who

17   informed Plaintiff that an investment contract was being drafted, and that, were to Plaintiff sign

18   that contract, "he would receive a 50% stake in the banks that USIIC had invested in." (*Id.* ¶ 39)

19         On October 3, 2012, Plaintiff signed a second agreement, an "Investment Questionnaire

20   and Subscription Agreement," which granted him a "50% stake in USIIC's regional center." (ECF

21   29 ¶ 40; ECF 29-4 Exh. 17) (hereinafter "October 3 Agreement"). Plaintiff alleges that he

22   believed, at the time of signing the October 3 Agreement, that he was being given a fifty percent

23   interest in *every* bank in which USIIC had invested, such that the investment would qualify him

24   for the EB-5 Visa. (ECF 29 ¶ 40) Plaintiff alleges that Khazen and others told him this was the

25   case, in Farsi, despite the contract, in English, saying otherwise, (*id.* ¶¶ 40, 42), and that he "felt

26

27                                                     5

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

pressured" to sign the document, though he could not read it, as it was written in English. (*Id.* ¶ 40) Plaintiff alleges he was not provided a translated version of the document. (*Id.* ¶ 42)

In December 2012, Plaintiff alleges that he was concerned about his application status for an EB-5 Visa, and that his inquiries with USIIC were going unanswered. (*Id.* ¶ 45) At this time, and for the first time since he began interactions with Defendants, Plaintiff employed his own bilingual translator, in order to speak directly with his immigration attorney at Fragomen. (*Id.*) Plaintiff alleges that it was only after this conversation that he for the first time realized that USIIC was not an approved EB-5 Regional Center, and instead only had a pending application for such a designation, that he had not directly invested in regional banks as required under the EB-5 program, and that his application for a visa had not yet been submitted to USCIS. (*Id.*) At this time, he instructed his attorney to cease his application for an EB-5 visa, (*id.*) and soon thereafter commenced the instant action.

Based on the facts above, Plaintiff asserts twenty-two causes of action[2] related to various alleged violations of federal and state securities laws, fraud, civil RICO, conversion, unfair business practices, and civil tort claims. In Plaintiff's Motion for Leave to Amend, he states that he will "voluntarily withdraw" five of the claims brought in the First Amended Complaint if provided the opportunity to amend. (ECF 50)

Plaintiff seeks relief in the form of damages, including punitive damages, an injunction pursuant to California Business & Professions Code § 17200, pre-judgment interest, and attorneys' fees. (FAC, ECF 29 at 42-43)

---

[2] Plaintiff's Twenty-Third Cause of Action, for Rescission of the Arbitration Agreement, is discussed at length below, but is appropriately styled as a prayer for relief, and not an independent Cause of Action.

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

II.     **LEGAL STANDARDS**

    A.     **Rule 12(b)(6)**

        1.     **General Requirements**

       A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

        2.     **Fraud Pleadings Under Rule 9(b)**

       When a party pleads a cause of action for fraud or mistake, he is subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Rule 9(b)

7

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to

2    give defendants notice of the *particular misconduct* . . . so that they can defend against the charge

3    and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120

4    (9th Cir. 2009) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (emphasis

5    added).  Claims of fraud *must* be "accompanied by the who, what, when, where, and how of the

6    misconduct alleged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

### 3.      Pleading Violations of § 10b of the Securities Exchange Act

8         Any claim brought under Section 10b of the Securities Exchange Act of 1934 must, in

9    addition to the general heightened pleading requirements for fraud, also meet the pleading

10   requirements of the Private Securities Litigation Reform Act ("PLSRA"). To survive a Rule

11   12(b)(6) motion to dismiss, a claim under Section 10b must "plead with particularity *both falsity*

12   *and scienter*." *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001) (emphasis added). Plaintiff

13   must "specify each statement alleged to have been misleading, the reasons why the statement is

14   misleading, and, if an allegation regarding the statement is made on information and belief, . . .

15   state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Such

16   facts must give rise to a "strong inference that the defendant acted with the required state of

17   mind." 15 U.S.C. § 78u-4(b)(2).

18        In *Tellabs v. Makor Issues & Rights*, the Supreme Court defined "strong inference" to

19   mean that "a reasonable person would deem the inference of scienter cogent and at least as

20   compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S.

21   308, 324 (2007). This requires the district court to "consider the complaint in its entirety," in

22   addition to engaging in an allegation-by-allegation analysis. *Id.* at 323-24. The court may "only

23   allow the complaint to survive a motion to dismiss if the malicious inference is at least as

24   compelling as any opposing innocent inference. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d

25   981, 991 (9th Cir 2009).

26

27                                                      8

28    Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

1

**B.      Leave to Amend**

2        Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a

3   complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate

4   *decision on the merits*, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

5   1122, 1127 (9th Cir. 2000) (en banc) (emphasis in original). The Court may deny leave to amend,

6   however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part

7   of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

8   prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

9   amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003) (citing *Foman*

10  *v. Davis*, 371 U.S. 178, 182 (1962)).

## III.   DISCUSSION

12       Defendants bring this Motion to Dismiss on two grounds: (1) that the claims in the FAC

13  are subject to a binding arbitration agreement, and must be dismissed because this Court lacks

14  jurisdiction to hear said claims, and (2) failure to state a claim for which relief can be granted

15  under Federal Rule of Civil Procedure 12(b)(6).

16       For the reasons outlined below, the Court DENIES without prejudice the Motion to

17  Dismiss the FAC on the grounds that the claims are subject to an arbitration agreement, because

18  the validity of the arbitration clause  cannot be determined without an evidentiary hearing as

19  required by the Federal Arbitration Act, 9 U.S.C. §4.  Defendants may file a motion to compel

20  arbitration in order to determine the validity of the arbitration clause. The Court further GRANTS

21  IN PART AND DENIES IN PART Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

22       **A.      Motion to Dismiss Due to the Arbitration Clause in the July 22 Agreement**

23       Defendants ask the Court to dismiss the FAC because Plaintiff's claims are subject to an

24  arbitration clause. (Mot. to Dismiss, ECF 34 at 5-8) Defendants allege that the arbitration clause

25  governs any of Plaintiff's allegations concerning "disputes [that] relate to any purported obligation

26

27                                                    9

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    concerning the EB-5 process," but not Plaintiff's claims regarding "his investment." (Mot. at 7)

2    Defendants, however, make no attempt to disaggregate which claims fall within each of these two

3    baskets, instead arguing that *all* claims should be dismissed because Plaintiff has failed to identify

4    exactly which of his claims arise out of the July 22 Agreement and which of his claims arise from

5    his investments. (Mot. at 5:22-23) Defendants state that they could not bring a motion to compel

6    arbitration under the FAA because Plaintiff chose to intertwine all of his claims arising out of the

7    July 22 Agreement with his other claims.  Defendants do not explain why it would be Plaintiff's

8    obligation to separate his claims.

9         Plaintiff argues in his opposition papers and alleges in his FAC that the Court should find

10   the arbitration agreement invalid because Plaintiff's consent to submit claims to arbitration was

11   procured by fraud and misrepresentation.  (*See, e.g.*, ECF 29 at 40-41) Plaintiff alleges that the

12   contract was written in English and he only reads and speaks Farsi.  He further alleges that

13   Defendant Khazen undertook to translate the July 22 Agreement  immediately prior to Plaintiff

14   signing the Agreement but  during the five-minute summary of the terms of the Agreement,

15   Defendant Khazen omitted any reference to the arbitration clause and denied him the opportunity

16   to review the contract.  (FAC ¶¶ 33, 222-225)

17        Based on these arguments, it is incumbent upon this court to determine whether the matter

18   can be resolved by a motion to dismiss.  Enforceability of the arbitration clause and determination

19   of the scope of that clause is governed by the terms of the Federal Arbitration Act ("FAA"), 9

20   U.S.C. §§ 1-14. Under the FAA arbitration agreements are "a matter of contract," and "shall be

21   valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

22   revocation of any contract." 9 U.S.C. § 2.  A party seeking to invoke an arbitration agreement,

23   pursuant to the FAA, must "petition any United States district court which, save for such

24   agreement, would have jurisdiction [to hear the matter], for an order directing that such arbitration

25   proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Once a party does so, the

26

27                                                      10

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    district court engages in an inquiry *only* to determine whether the arbitration agreement is valid,

2    and whether the agreement encompasses the claims at issue. *See, e.g.*, *Mitsubishi Motors Co. v.*

3    *Soler Chrysler-Plymouth*, 473 U.S. 614, 627-28 (1985) ("[T]he first task of a court asked to

4    compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that

5    dispute.")  The FAA provides for a summary proceeding, including trial by jury, to resolve factual

6    disputes. 9 U.S.C. § 4.

7            Here, although Defendants urge this court to decide the issue of enforceability of the

8    arbitration clause through this motion to dismiss, they have not cited any authority for bypassing

9    an evidentiary hearing to resolve disputed issues of fact regarding the validity of the arbitration

10   clause.

11           Defendants cite *Thinket Info. Resources v. Sun Microsystems*  368 F. 3d 1053, 1060 (9th

12   Cir. 2004) for the proposition that  claims subject to arbitration can be appropriately dismissed

13   pursuant to a Rule 12(b)(6) motion to dismiss, in lieu of a motion to compel arbitration under the

14   FAA.  Although generally, that proposition is true, none of the cases cited by Defendants establish

15   that the court may resolve a factual dispute regarding the validity of an arbitration clause absent an

16   evidentiary hearing as provided for in the FAA.

17           The Court therefore DENIES Defendants' Motion to Dismiss due to the existence of an

18   arbitration agreement. Defendant must comply with the FAA's procedure for petitioning the court

19   for such relief. *See* 9 U.S.C. § 4. Defendants may, if they so choose, bring a motion to compel

20   arbitration, which delineates which claims they believe are subject to arbitration and which claims

21   fall outside the scope of the arbitration agreement.

22           **B.       Motion to Dismiss Pursuant to Rule 12(b)(6)**

23           The Court now considers, in turn, Defendants' Motion to Dismiss each cause of action

24   pursuant to Rule 12(b)(6).

25

26

27                                                    11

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

1        **1.    Claims Voluntarily Dismissed by Plaintiff Through the Motion for**

2             **Leave to Amend (2nd, 4th, 9th, 10th, and 11th Causes of Action)**

3        Plaintiff has agreed, pursuant to the Motion for Leave to Amend, to withdraw the

4    following claims: "violation of section 17(a) of the Securities Act" (second cause of action);

5    "violation of the broker-dealer registration provisions" (fourth cause of action); "violation of

6    section 15(a) of the Exchange Act" (also the fourth cause of action); "civil conspiracy" (ninth and

7    tenth causes of action); and "aiding and abetting" (eleventh cause of action). The Motion for

8    Leave to Amend is discussed, and granted, in Part III.C, *infra*.

9        For purposes of ruling on the operative complaint, the FAC, the Court hereby DISMISSES

10   the above five claims pursuant to the decision of Plaintiff voluntarily to withdraw the claims from

11   the litigation. The second, fourth, ninth, tenth, and eleventh causes of action are therefore

12   DISMISSED.

13            **2.    Other Claims in the FAC**

14       Plaintiff includes seventeen (17) other causes of action in his FAC. The Court addresses

15   the Rule 12(b)(6) motion against each in turn. For purposes of clarity, claims will be grouped

16   according to their legal and factual similarity rather than by their initial numbering in the

17   Complaint.

18            **i.    Claims for Violations of Federal and State Securities Laws (1st,**

19                **3rd, 5th, 6th, and 7th Causes of Action)**

20       Plaintiff brings five claims for violations of federal and state securities laws. These are:

21   "Unregistered Sale of Securities Under Securities Act §§ 5(a), 5(c)" (first cause of action); "Fraud

22   in Connection with Sale of Securities Under Securities Act § 10b-5" (third cause of action);

23   "Unregistered Investment Advisor Under Advisers Act § 203(a)" (fifth cause of action);

24   "Violations of California Securities Law § 25401" (sixth cause of action); and "Offer/Sale of

25   Unregistered Securities Under California Corporations Code §25110" (seventh cause of action).

26

27                                                    12

28    Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    For the following reasons, the Court GRANTS Defendants' Motion to Dismiss these five claims,

2    but gives Plaintiff leave to amend in order to cure the deficiencies outlined by the Court.

3                    **a.**        ***Violations of State and Federal Registration Requirements***

4                                  ***(1st and 7th Causes of Action)***

5            Plaintiff brings two claims for violations of securities registration requirements: his first

6    cause of action, for violations of the federal registration requirements pursuant to §§ 5(a) and 5(c)

7    of the Securities Act, and his seventh cause of action, for violations of California's laws regulating

8    the sale of unregistered securities under Corporations Code § 25110. For the reasons below, the

9    Court DISMISSES both claims, with leave to amend.

10                   **i.**        ***Violations of §§ 5(a) and 5(c) of the Securities Act***

11                                 ***(1st Cause of Action)***

12           Section 5(a) of the Securities Act makes it a violation of federal law to "make use of any

13   means or instruments of transportation or communication in interstate commerce or the mails to

14   sell [an unregistered] security," or "to carry or cause to be carried through the mails or in interstate

15   commerce, by any means or instruments of transportation, any such security for the purpose of

16   sale or for delivery after sale." 15 U.S.C. § 77e(a). Section 5(c), similarly, "prohibits *unregistered*

17   *offers* to sell and buy unregistered securities." *SEC v. M&A West, Inc.*, 538 F.3d 1043, 1050 (9th

18   Cir. 2008) (citing 15 U.S.C. § 77e(c)) (emphasis in original).

19           To plead a violation of these statutes, a party must allege (1) the offer or sale of securities,

20   (2) in interstate commerce, (3) without prior registration with the SEC. *See, e.g.*, *SEC v. Loomis*,

21   969 F. Supp. 2d 1226 (E.D. Cal. 2013). However, a security does not fall within the protections of

22   Sections 5(a) and 5(c) if it is subject to one of several exemptions to the registration requirement,

23   codified under Regulation D, 17 C.F.R. § 230.506, and in section 4(2) of the Securities Act. *See,*

24   *e.g.*, *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 250-51

25   (2007).

26

27                                                          13

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

*United States District Court*
*Northern District of California*

1    Plaintiff claims that Defendants have violated Sections 5(a) and 5(c) because they have

2    used the "instrumentalities of transportation or communication . . . to offer to sell or to sell

3    securities," (ECF 29 ¶ 71), and that "[n]o registration statement had been filed with the Securities

4    and Exchange Commission." (*Id.* ¶ 72)

5    Defendants move to dismiss, arguing that the securities up for sale were exempt under

6    Rule 506 of Regulation D and Section 4(2) of the Securities Act.

7    Rule 506 is a "safe harbor" provision, which permits a private company to sell securities

8    without having to register with the SEC or file reports with the SEC, provided certain conditions

9    are met. The company cannot "use general solicitation or advertising to market the securities."

10   Further, the company can sell securities to an unlimited number of sophisticated "accredited

11   investors," as defined under Rule 501 of Regulation D, but only a maximum of thirty-five

12   "unaccredited investors." Finally, the company cannot violate antifraud provisions of the federal

13   securities laws in the information it provides to investors. If these conditions are met, the security

14   in question is considered a "covered security" for purposes of the exemption, and registration is

15   not required. Section 4(2) exempts "transactions by an issuer not involving any public offering,"

16   but does not apply when "a particular class of persons affected need the protection of the

17   [Securities] Act." *SEC v. Platform Wireless Int'l Corp.*, 617 F.3d 1072, 1090 (9th Cir. 2010) ("*A*

18   *limited distribution to highly sophisticated investors*, rather than a general distribution to the

19   public, is not a public offering within the meaning of the section of the Securities Act . . . ."); *see*

20   *also* 15 U.S.C. § 77d(2) (emphasis added).

21   The Court agrees with Defendants that Plaintiff has not pleaded a violation of either

22   Section 5(a) or 5(c). Here, Plaintiff has not alleged facts demonstrating that Defendants were

23   required to register the securities in question. Plaintiff has not alleged facts showing that the

24   securities themselves were made generally available, via solicitation or advertising. Instead,

25   Plaintiff has claimed that Defendants used the Internet to market USIIC's business in helping

26

27                                                 14

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    foreign investors secure EB-5 Visas. (*See, e.g.*, ECF 29 ¶ 24) Plaintiff has not alleged that the

2    security he purchased was made generally available to any other purchaser, nor that it was made

3    available via general solicitation or advertisement. Simply alleging that the business itself

4    advertised its services to the general public is not enough to trigger liability for Defendants under

5    the language of Regulation D.

6          In order to state this claim, Plaintiff must allege facts to show that Defendants utilized a

7    general solicitation *in order to market the securities themselves*. Moreover, Plaintiff has only

8    alleged that the securities were offered to him individually, and not any other investor, which

9    would show Defendants' compliance with the limitations on the number of investors to which it

10   could offer securities under Regulation D. Finally, Plaintiff has not specifically alleged facts

11   showing that Defendants have violated antifraud provisions of the securities laws in the

12   information provided to Plaintiff.

13         The Court thereby GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's first

14   cause of action for violations of Sections 5(a) and 5(c) of the Securities Act. The court gives

15   Plaintiff leave to amend to allege that the securities in question are subject to the registration

16   provisions of the Act, consistent with the deficiencies outlined above.

17
                         ii.    ***Violations of California Securities Law Under***
18                                 ***Corporations Code § 25110 (7th Cause of Action)***

19
20         Plaintiff's seventh cause of action alleges a violation of Section 25110 of the California

21   Corporations Code, regarding the offer and sale of unqualified securities. Section 25110 "makes it

22   illegal to sell an unqualified security unless the security itself" is exempt from state registration

23   and qualification requirements. *People v. Simon*, 9 Cal. 4th 493, 499 (1995). Plaintiff argues that

24   "[a]t the time the Defendants sold these securities [to Plaintiff], the securities were subject to

25   qualification and were not exempt from qualification," (ECF 29 ¶ 97)

26         Defendants move to dismiss because the claims under the California Corporations Code

27                                                15

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    are preempted by the National Securities Markets Improvement Act ("NSMIA"), which prohibits

2    states from requiring registration of a "covered security" including securities exempt from

3    registration pursuant to SEC rules or regulations. 15 U.S.C. § 77r; *see Apollo Capital Fund LLC v.*

4    *Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 249-50 (2007). Defendants argue that since

5    the securities in question were exempt under Regulation D, Plaintiff's state law registration claims

6    are preempted. *Cf. Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 910-12 (6th Cir. 2007)

7    ("[Offerings that] actually qualify for a federal securities registration exemption . . . enjoy NSMIA

8    preemption.").

9           Plaintiff, although acknowledging federal preemption of a claim for violation of

10   Corporations Code § 25110 for covered securities under federal law, argues that the securities in

11   question are not "covered securities." (Pl. Opp. at 18) However, Plaintiff has not pled sufficient

12   facts to support his conclusion that the securities are not "covered securities" that were subject to

13   registration requirements or exemptions under the Securities Act. . See *Ashcroft v. Iqbal* 556 U.S.

14   662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the

15   elements of a cause of action will not do.'" (citations omitted))  Thus, as pleaded, the seventh

16   cause of action is preempted by federal law.

17          The Court therefore GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's

18   seventh cause of action for claims under Section 25110 of the California Corporations Code. The

19   Court grants Plaintiff leave to amend in order to plead *facts* sufficient to show that the offered

20   securities were  not covered securities and thus subject to  the requirements of  state registration

21   requirements as provided in Corporations Code § 25110.

22

23

24

25

26

27                                                                 16

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

**b.**      **State and Federal Securities Fraud Claims (3rd and 6th Causes of Action)**

Plaintiff brings two claims for securities fraud: his third cause of action, for violations of Section 10b-5 of the Securities Act, and his sixth cause of action, for violations of California Corporations Code § 25401. For the reasons outlined below, the Court DISMISSES both causes of action, with leave to amend.

### 1.      *Section 10b-5 Claims(3rd Cause of Action)*

Section 10b-5 bars any person from "us[ing] or employ[ing], in connection with the purchase or sale of any security, . . . any manipulative or deceptive device or contrivance." 15 U.S.C. § 78j(b). To state a claim under Section 10b-5, a Plaintiff must plead six elements: "(1) material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2301 (2011). A Plaintiff stating a claim under Section 10b must "plead with particularity both falsity and scienter." *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001). Plaintiff must "specify each statement alleged to have been misleading, the reasons why the statement is misleading, and, if an allegation regarding the statement is made on information and belief, . . . *state with particularity all facts* on which that belief is formed." 15 U.S.C. § 78u-4(b)(1) (emphasis added).

Plaintiff's fraud allegations are laid out most explicitly in paragraphs 54 through 56 of the FAC. Plaintiff alleges eight specific "oral and written misrepresentations [made] with the intent to defraud plaintiff." (ECF 29 ¶ 54) These allegations are: (a) that USIIC was an EB-5 Regional Center, approved by the USCIS; (b) that USIIC claimed it made low-risk investments in community banks, whereby Plaintiff could not lose the principal he invested; (c) that USIIC had a "skilled team of business finance and legal professionals"; (d) that USIIC had a strong

17

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

1   management team with "years of high-level managerial experience . . . focusing on banking,

2   management and finance;" (e) that Defendant Conti had sixteen years of experience on Wall

3   Street; (f) that Defendant Shadman had managed a successful real estate company; (g) that

4   Plaintiff, through USIIC, could acquire other investment opportunities; and (h) that Plaintiff's

5   investments "would obtain[] a high rate of capital growth." (ECF 29 ¶ 54) Plaintiff contends that

6   each of these statements was false. (*Id.* ¶ 55) Finally, Plaintiff alleges three material omissions: (a)

7   that the investments offered to Plaintiff were not properly registered, in violation of state and

8   federal law; (b) that the shares in USIIC issued to Plaintiff were unregistered and were not freely

9   tradable common shares; and (c) that USIIC were "participants in money laundering, OFAC

10   regulations evasion, forging government documents and numerous other illegal activities." (*Id.* ¶

11   56)

12      Defendants argue that this claim should be dismissed for failure to adequately plead five

13   elements of a 10-b claim – material misrepresentations, scienter, economic loss, and loss

14   causation. The Court agrees with Defendant that Plaintiff has failed to plead adequate facts to

15   allege material misrepresentations (b) through (h), a causal relationship between material

16   misrepresentation (a) and the purchase or sale of a security, and scienter.

17      The Court finds, with regard to Plaintiff's alleged misrepresentations (b) through (h), that

18   Plaintiff has failed to meet its Rule 9(b) burden of pleading the "who, what, when, where, and

19   how" of each allegedly false statement. *See, e.g.*, *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525,

20   534 (3d Cir. 1999) (stating that the pleading language of "with particularity" in the PLSRA

21   "echoes precisely" Rule 9(b)'s fraud pleading language). The Court is unsure who said each of

22   these statements, what the content of these statements were, when and where they were made, and

23   even how they were delivered to the Plaintiff – whether orally or in written form, and whether in

24   English or in Farsi. Plaintiff includes quoted statements in several of his allegations, but does not

25   identify the source of these quotations. (*See, e.g.*, ECF 29 ¶ 54(e) ("That Stacey Conti had sixteen

26

27                        18

28    Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    years of 'successful Wall Street experience.'"))

2        Even were the Court able to parse the exact context in which each of these statements was

3    made, Plaintiff has not sufficiently pled facts to demonstrate  that they were  false: for example,

4    Plaintiff has not pled  facts establishing  *why* USIIC's employees were not skilled professionals, or

5    skilled in the financial or banking industry. Plaintiff has not alleged any facts as to why Stacey

6    Conti lacked Wall Street experience, nor a basis on which this allegation could be made upon

7    information or belief. Plaintiff alleges that Michael Shadman has filed for bankruptcy, but does

8    not allege why this is material to his alleged experience as owner of a successful real estate

9    company. Plaintiff fails to allege why he could not acquire loans or mortgages through USIIC.

10   Finally, Plaintiff fails to allege what the capital growth of USIIC's investment was, such that he

11   could allege that it was "very low." (ECF 29 ¶ 54(h))

12       Plaintiff's allegation regarding misrepresentation (a), that the USIIC was a USCIS-

13   approved EB-5 Regional Center, is a different matter. Plaintiff alleges in the FAC that he was told

14   by Defendant Khazen in April 2012 that USIIC was an EB-5 Regional Center. (ECF 29 ¶ 29) He

15   further alleges that Khazen and Shadman provided Plaintiff with documents during a July 22,

16   2012 meeting, which stated that USIIC "was running an EB-5 green card program." (*Id.* ¶ 32)

17       Defendants further argue that Plaintiff has not met his pleadings burden because he has not

18   "establish[ed] a connection between this alleged misrepresentation and the actual purchase of a

19   security," (ECF 34 at 10). Defendants point out that Plaintiff signed an Engagement Agreement

20   which clearly stated that USIIC's Regional Center status was pending, which would abrogate any

21   reliance on the alleged prior statements. (*Id.*)

22       The Court agrees with Defendants that Plaintiff has not pled how the material

23   misrepresentation of USIIC's Regional Center status *caused him* to purchase the security. He

24   alleges that he initially became involved with USIIC and its leadership team due to their insistence

25   that USIIC was a qualified EB-5 Regional Center. (ECF 29 ¶¶ 27-30) Further, Plaintiff states that,

26

27                                          19

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

1   when the document was translated for him by Khazen, he was not informed that the regional status

2   application was pending. (*Id.* ¶ 33) This, however, is not sufficient to plead that the material

3   misrepresentation caused him to purchase the securities, when the text of the contract itself states

4   specifically that USIIC's Regional Center status was pending. (ECF 29-3 at 1)

5        Additionally, the Court finds that Plaintiff has not adequately pled scienter. To determine

6   scienter, the Court must "conduct a dual inquiry: first, . . . determine whether any of the plaintiff's

7   allegations, standing alone . . . create a strong inference of scienter; second, if no individual

8   allegations are sufficient, we will conduct a 'holistic' review of the same allegations to determine

9   whether the insufficient allegations combine to create a strong inference" of scienter. *Zucco*

10  *Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991-92 (9th Cir. 2009).

11       The Court finds that none of the allegations standing alone creates a strong inference of

12  scienter. First, the FAC lacks sufficient factual allegations to support Plaintiff's conclusion that he

13  statements were false. Second, there is a paucity of factual allegations to support scienter.  Plaintiff

14  provides little more than  a series of cursorily pleaded statements, none of which  show that  any

15  of the Defendants made any statements with the intent to defraud Plaintiff – though Plaintiff

16  repeatedly uses the words "fraud" and "defraused" to described the conduct allegedly engaged in

17  by Defendants, the only facts he has pleaded with specificity that could raise a possible inference

18  of intent to defraud is Defendants' alleged mistranslation of the Engagement Agreement, which

19  included statements that USIIC did not yet have official status as an EB-5 Regional Center but

20  which Plaintiff alleges were not included in the "five minute" translation of the document from

21  English to Farsi. (ECF 29 ¶ 33) However, Plaintiff does not claim that this fact was left out of the

22  translation intentionally and for the purpose of misleading Plaintiff. (*Id.*) Conclusory statements

23  about Defendants' scienter, without corroborating factual allegations, "are usually insufficient,

24  standing alone, to adequately allege scienter." *Zucco Partners*, 552 F.3d 981, 998.

25       The court has also reviewed all of the factual allegations supporting scienter as a whole to

20

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

1   determine whether the insufficient individual allegations in combination create a strong inference

2   of scienter.  Unfortunately, Plaintiff's pleading fares no better under a holistic review.  The

3   allegations are simply too general, unsupported by factual statements and simply not plausible to

4   support the necessary inference.

5          Finding that Plaintiff has inadequately met the heightened pleading burdens under Rule

6   9(b) and the PLSRA to plead falsity and scienter with particularity, *see Ronconi*, 253 F.3d 423,

7   429, the Court DISMISSES Plaintiff's third cause of action for violations of Section 10b-5 of the

8   Securities Act, but grants leave to amend in order to cure the deficiencies outlined above.

9                              **2.      *Cal. Corp. Code § 25401 Claims (6th Cause of***

10                                              ***Action)***

11         Plaintiff's sixth cause of action is for violations of California Corporations Code section

12  25401, which makes it illegal to "offer or sell a security in this state or buy or offer to buy a

13  security in this state by means of any written or oral communication which includes an untrue

14  statement of a material fact or omits to state a material fact necessary in order to make the

15  statements made . . . not misleading."

16         Defendants move to dismiss on the same basis as Plaintiff's claims under Section 10b-5 of

17  the Securities Act. (*See* Reply, ECF 39 at 8 ("The sixth cause of action . . . fails for the same

18  reasons that Plaintiff's anti-fraud claims under the federal securities laws fail."))

19         The Court agrees with Defendants that Plaintiff's inability to state a claim for fraud under

20  Section 10b-5 is also fatal to his § 25401 claims. *See Jackson v. Fischer*, 931 F. Supp. 2d 1049,

21  1063 (N.D. Cal. 2013) (finding that a Plaintiff unable to state a claim under 10b-5 was also unable

22  to state a claim under § 25401, because both statutes required the Court to engage in the same

23  factual inquiry). Plaintiff has not pleaded sufficient facts to show any material misrepresentation,

24  as discussed in greater detail above. Having failed to do so, he cannot state a claim for a violation

25  of section 25401.

26

27                                              21

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

1   The Court DISMISSES Plaintiff's sixth cause of action for violations of California

2   Corporations Code § 25401, but grants leave to amend for Plaintiff to cure the deficiencies

3   outlined by the Court.

4                  **c.**          **Investment Advisor Act Claims (5th Cause of Action)**

5   Plaintiff's fifth cause of action is for violations of Section 203(a) of the Investment

6   Advisers Act, 15 U.S.C. §80b-2(a)(11). Plaintiff alleges that Defendants acted as "investment

7   advisers" as defined by the Act, but had not registered as investment advisers with the Securities

8   and Exchange Commission. (ECF 29 ¶¶ 87-88)

9   The Investment Advisers Act defines "investment adviser" as "any person who, for

10   compensation, engages in the business of advising others . . . as to the value of securities or as to

11   the advisability of investing in, purchasing, or selling securities." 15 U.S.C. § 80b-2(a)(11). Any

12   person meeting this definition, and who has not registered with the SEC as an investment adviser,

13   runs afoul of the act. The remedy for violations of the Advisers Act is rescission of the underlying

14   advising agreement. *See, e.g.*, *Transamerica Mortg. Advisors (TAMA) v. Lewis*, 444 U.S. 11, 24

15   (1979).

16   Defendants argue that this claim fails because Plaintiff has not identified an investment

17   advisor agreement, (Mot. to Dismiss, ECF 34 at 13), and that Plaintiff has not requested

18   rescission as his remedy . (Reply, ECF 39 at 8)

19   Although asserting the opposite, Plaintiff apparently concedes that this claim is not

20   adequately pled. (Pl. Opp. at 18)  He acknowledges that his remedy would be limited to rescission

21   of the Engagement Agreement and he requests leave to amend to correct this error.

22   The Court agrees with Defendants. Plaintiff claims only that the Defendants "engaged in

23   the business of advising clients, for compensation, as to the value of securities and as to the

24   advisability of investing in, purchasing, or selling securities," thereby alleging that Defendants are

25   investment advisers under the terms of the Advisers Act. (ECF 29 ¶ 87) No facts have been

26

27   22

28   Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

1    alleged to support this conclusory allegation, thus as pled, it is not plausible under *Iqbal* and

2    *Twombly*.  Moreover, Plaintiff fails to identify which contract identified in the FAC would be

3    subject to this claim or to seek rescission of the allegedly offending investor advisor  contract,

4    which would be his sole remedy under the law.

5         In order successfully to plead this claim, Plaintiff must allege facts that demonstrate that

6    Defendants acted as investment advisors, as defined by §203(a)  but  had not registered with the

7    SEC.  Plaintiff must also identify the allegedly unlawful contract and request rescission as the sole

8    remedy for the alleged violation.        The Court thus GRANTS Defendants' Motion to Dismiss

9    Plaintiff's fifth cause of action for violations of the Investment Advisers Act, but grant leave to

10   amend for Plaintiff to allege facts to show Defendants were engaging in investment advising as

11   defined by the Act.

12            **ii.   Claim for Civil RICO (Eighth Cause of Action)**

13        Plaintiff's eighth cause of action is for violations of the Racketeer Influenced and Corrupt

14   Organizations Act (RICO), under 18 U.S.C. §§ 1961-1968.

15        To state a claim for a civil violation of the RICO Act, Plaintiff must plead five elements:

16   "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity that [(5) causes]

17   injury to the plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l LP*, 300 F.3d 1083,

18   1086 (citing 18 U.S.C. §§ 1962(c), 1964(c)). In this Circuit, a plaintiff seeking to plead a RICO

19   claim based on a predicate act of fraud must comply with the pleading requirements for fraud

20   under Rule 9(b), which demands plaintiff pleads "with particularity the time, place, and manner of

21   each act of fraud, *plus the role of each defendant in each scheme.*" *Lancaster Cmty. Hosp. v.*

22   *Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (1991) (emphasis added) (finding that the fraud

23   pleading requirement applies when the predicate act is mail fraud); *see also id.* ("The Ninth Circuit

24   has repeatedly insisted that this [pleading] rule be followed in RICO actions. . . .").

25        Plaintiff alleges that "Defendants and their numerous related corporations are corporations

26

27                                          23

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

1   which alone and together constitute one or more ascertainable structures separate and apart from

2   the herein-alleged pattern of racketeering activity so as to constitute an enterprise," (FAC, ECF 29

3   ¶ 101), which engaged in "illegal money laundering, OFAC regulations evasion, forging

4   government documents, and numerous other illegal activities." (*Id.*, *see also* ¶ 108 ("defendants

5   [engaged in] mail fraud, wire fraud, fraud in the offering and sales of securities, money

6   laundering, [and] OFAC fraud")) Plaintiff alleges that "all defendants conducted and participated

7   directly and indirectly in the conduct of such enterprise's affairs," (*id.* ¶ 102, *see also* ¶ 104 ("each

8   defendant illegally operated and conducted an integral part of the enterprise")), that "all

9   defendants benefitted from the operation of the enterprise," (*id.* ¶ 103), and that Defendants

10  "engaged in a continuing pattern of racketeering activity." (*Id.* ¶ 107)

11      Defendants move to dismiss because "none of the [necessary RICO] elements have been

12  alleged except in conclusory terms." (Mot. to Dismiss, ECF 34 at 14) The Court agrees.

13      First, Plaintiff has not pled any facts that would allow the Court to ascertain the

14  "enterprise" for purposes of the RICO violation. An enterprise must have an organizational,

15  decision-making structure; however, that structure need not exist "beyond that necessary to carry

16  out its racketeering activities." *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (2007) (en banc). A

17  Plaintiff must plead only that there exists an "ongoing organization, [either] formal or informal,"

18  which acts through the "coordinated nature of defendants' activity," and functions as a "continuing

19  unit," meaning that the association is ongoing, rather than engaged in isolated activity. *Odom*, 486

20  F.3d 541, 551-53 (citing *United States v. Turkette*, 452 U.S. 576 (1981)).

21      Here, Plaintiff alleges no such structure. Plaintiff merely alleges that the Defendants and

22  their corporations form an enterprise. Such a cursory allegation gives the Court no information as

23  to the form or structure of that enterprise, the ways in which decisions are made in the enterprise,

24  or even the hierarchy of the alleged actors in the enterprise. Plaintiff does not cite *any* facts about

25  the alleged enterprise whatsoever – only that every Defendant sued in this matter is a part of the

26

27                                         24

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

1   enterprise. Plaintiff does not allege *how* each individual Defendant is engaged in the enterprise,

2   only making a cursory allegation that all "Individual Defendants and their numerous related

3   corporations" constitute the structure of the enterprise. (FAC, ECF 29 ¶ 101) Such allegations are

4   made without any supporting factual information.

5        Further, Plaintiff fails to sufficiently plead which activities in the FAC are "racketeering

6   activities" as defined in the RICO Act. To plead racketeering activity, the Plaintiff must identify

7   the "predicate acts" it is alleging form the basis for the racketeering claim. Such acts are defined in

8   18 U.S.C. § 1961. Plaintiff does include a list of such activities in paragraphs 101 and 108 of the

9   FAC, including mail fraud, wire fraud, fraud in the offering and sale of securities, OFAC fraud,

10  and "other illegal acts." (FAC, ECF 29, ¶¶ 101, 108)

11       There are two problems with Plaintiff's pleadings. First, the PSLRA eliminated securities

12  fraud as a predicate act for purposes of a RICO claim. *See, e.g.*, *Powers v. Wells Fargo Bank,*

13  *N.A.*, 439 F.3d 1043, 1055 (9th Cir. 2006) ("Basing our decision on the unambiguous text of the

14  statute, we hold that § 1964(c) bars RICO actions alleging securities fraud."). Second, Plaintiff has

15  not pled *with particularity* the acts constituting wire fraud, mail fraud, or OFAC fraud as predicate

16  acts. Plaintiff's mere listing of such alleged crimes, without supporting, particularized factual

17  pleadings as required under Rule 9(b), is not enough to survive a motion to dismiss. *Cf. Andrews*

18  *Farms v. Calcot, Ltd.*, 527 F. Supp. 2d 1239, 1255 (E.D. Cal. 2007) (citing *Odom*, 486 F.3d 541,

19  554) (finding that a plaintiff may plead *generally* the defendants' state of mind or intent to deceive

20  or defraud, but must make "particularized allegations [regarding] the factual circumstances of the

21  fraud itself" when pleading mail or wire fraud as a predicate act).

22       Plaintiff has not met his burden to *either* plead the existence of a racketeering enterprise or

23  plead with particularity the factual circumstances of the predicate acts giving rise to his claimed

24  RICO violation. As such, the Court DISMISSES Plaintiff's eighth cause of action, but grants

25  Plaintiff leave to amend to cure these pleading deficiencies.

26

27                                          25

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1

iii.      **Claims for Common Law Fraud (12th, 13th, 14th, and 15th**

**Causes of Action)**

Plaintiff alleges four common law fraud causes of action: his twelfth cause of action for

fraudulent misrepresentation, his thirteenth cause of action for fraud in the inducement, his

fourteenth cause of action for fraud in the execution or inception of the contract, and his fifteenth

cause of action for fraudulent concealment.

All fraud actions must be pled with particularity pursuant to the requirements of Rule 9.

*See, e.g.*, *Cmte. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 216 (1983).

Under California law, this requires that *each* false or fraudulent statement alleged in the pleadings

include the "how, when, where, to whom, and by what means the representations" were made.

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004).

Plaintiff's twelfth cause of action alleges that the five Individual Defendants "delivered the

Defendants' Inducement Misrepresentations to Plaintiff." (FAC, ECF 29 ¶ 144) These

misrepresentations, Plaintiff alleges, were designed to "induce Plaintiff to enter into an agreement

with [USIIC]" to purchase securities, (*id.* ¶ 145), and that Plaintiff justifiably relied on these

misrepresentations "because of all the advertising materials, promotional materials, statements on

the website, statements and pitches which touted USIIC as an EB-5 Regional Center." (*Id.* ¶ 148)

Plaintiff's thirteenth cause of action alleges that Defendants Shadman and Khazen made

fraudulent "inducement representations to Plaintiff in Los Angeles and Dubai to induce plaintiff to

enter into the Engagement Agreement dated July 22, 2012." (*Id.* ¶ 155) Further, he alleges that

Shadman and Khazen, along with Pirooz and Violet Parvarandeh, "[o]n the fraud and inducement

dates, . . . made the inducement representations to Plaintiff in San Jose to induce Plaintiff to enter

into the [October 3 Investment Agreement]." (*Id.* ¶ 156)

Plaintiff's fourteenth cause of action alleges that Khazen "told Plaintiff that the documents

Plaintiff was signing consisted of standard language expressing or embodying the inducement

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

1  representations," (*id.* ¶ 166), which Defendants "intended for Plaintiff to rely on . . . instead of the

2  onerous, contradictory, misleading, and fraudulent provisions of the individual Agreements." (*Id.*

3  ¶ 166) Plaintiff claims that he did not know the documents "contained onerous and fraudulent

4  terms" and "did not know that the documents did not include, and were consistent with, the

5  inducement misrepresentations." (*Id.* ¶ 169) Finally, he alleges that Defendants "did not deliver

6  the contracts until well after Plaintiff had relied on the inducement representations." (*Id.* ¶ 170)

7        Plaintiff's fifteenth cause of action alleges that Defendants "concealed or suppressed from

8  Plaintiff material facts associated with the Collective Misrepresentations," (*id.* ¶ 177), which

9  Defendants "were under a duty to disclose." (*Id.* ¶ 178) He alleges that he "would not have

10  invested in any of the USIIC corporations if Plaintiff had been apprised of the Concealed Facts."

11  (*Id.* ¶ 180)

12        Defendants move to dismiss these four causes of action because Plaintiff has not met its

13  burden to plead each false or fraudulent statement with specificity, pursuant to Rule 9(b), and

14  because Plaintiff has not adequately pled his own justifiable reliance on any alleged fraudulent or

15  intentional misrepresentation. (Mot. to Dismiss, ECF 34 at 18-19)

16        The Court agrees with Defendants with regard to all four common law fraud causes of

17  action. First, Plaintiff does not attempt to disaggregate which statements made in his lengthy

18  section of general allegations is being referred to when he cites to the "inducement

19  misrepresentations" or "Collective Misrepresentations" that underlie each of the four causes of

20  action. *Cf. In re Hunnicut*, 466 B.R. 797 (Bankr. D.S.C. 2011) ("The particular facts which

21  support each element of each cause of action should be set forth, and their relevance and

22  applicability to the particular legal claim the plaintiff is attempting to plead should be *expressly*

23  *stated.*") (emphasis added).  Plaintiff does not define either of these terms in relation to the list of

24  purported misrepresentations he includes earlier in the FAC. (*See* FAC, ECF 29 ¶¶ 54-56) Instead,

25  he asks the Court piece together which misrepresentations he alleges pertain to each of his fraud

26

27                                                    27

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    causes of action. This is the job of the pleadings, however, and the Plaintiff fails to meet his

2    burden to allege with particularity, and thus to put on notice each defendant charged with fraud of

3    the alleged unlawful conduct.  *Cf. Iqbal*, 556 U.S. 662, 687 ("Rule 8 does not empower respondent

4    to plead the bare elements of his cause of action, affix the label "general allegation," and expect

5    his complaint to survive a motion to dismiss."). In his Opposition to the Motion to Dismiss,

6    Plaintiff states that "paragraphs 12, 17, 18, 23, and 24 of the 'FAC' set forth the time, place, and

7    nature of defendants' misrepresentations," (Opp. to Mot. to Dismiss, ECF 37 at 20), but these

8    paragraphs do not in fact include any such information.

9          If Plaintiff chooses to amend, and outline which alleged misrepresentations align with

10   which causes of action, he still must comply with Rule 9(b)'s heightened pleading requirements to

11   give notice to Defendants of the context of each alleged misrepresentation. This is the "who,

12   when, what, where, and by what means" requirement outlined in *Robinson* above. Each cause of

13   action must isolate each alleged false or fraudulent statement on which it relies, and each

14   statement must include the factual details required under *Robinson*. Further, Plaintiff must include

15   only those Defendants for whom he can plead sufficient facts to allege liability under each cause

16   of action; simply including "all Defendants" in each cause of action, while not alleging which

17   Defendants are engaged in which behaviors giving rise to such causes of action, is not sufficient to

18   create liability for all Defendants. *See Twombly*, 550 U.S. 544, 570 (Plaintiff must plead "enough

19   facts to state a claim to relief that is plausible on its face").

20         The Court thus DISMISSES Plaintiff's twelfth, thirteenth, fourteenth, and fifteenth causes

21   of action, and grants Plaintiff leave to amend in order to cure the deficiencies outlined by the

22   Court.

23                       **iv.      Embezzlement and Conversion (16th and 17th Causes of Action)**

24         Plaintiff's sixteenth cause of action is for civil embezzlement and diversion of funds, while

25   Plaintiff's seventeenth cause of action is for conversion.

26

27                                                 28

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

United States District Court
Northern District of California

United States District Court
Northern District of California

### 1.      Embezzlement (16th Cause of Action)

Under California law, embezzlement is a criminal act. Cal. Pen. Code § 503 ("Embezzlement is the fraudulent appropriate of property by a person to whom it has been entrusted."); s*ee also* Cal. Pen. Code § 484c ("A person who submits a false voucher to obtain construction loan funds and does not use the funds for the purpose for which the claim was submitted is guilty of embezzlement.") However, there is no civil claim for embezzlement under California law; Plaintiff cites to no statute or case law in his Opposition to the Motion to Dismiss which suggests any civil cause of action for embezzlement or diversion of funds.

The Court construes Plaintiff's sixteenth cause of action is simply an alternative attempt to plead fraud and/or conversion, and as such the Court DISMISSES Plaintiff's sixteenth cause of action WITH PREJUDICE.

### 2.      Conversion (17th Cause of Action)

To state a claim for conversion under California law, a party must allege three elements: (1) his ownership, or right to possession, of property at the time of the conversion, (2) the defendant's conversion, by wrongful act or disposition of property rights, and (3) damages. *See Mindy Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010). A party must also plead that the converter "has assumed control over the property or that the alleged converter has *applied the property to his own use*." *Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 543-44 (1996) (emphasis added).

Plaintiff claims that he owned $1,000,000 in funds, and that Defendants, upon receipt of these funds, placed Plaintiff's money into an escrow account. (ECF 29-1 ¶ 189) Plaintiff claims that he was informed, throughout Defendants' statements and promotional materials, that these funds would be removed from the escrow account only when the Regional Center, in which he was investing, was "capable of generating the minimum number of jobs to qualify under the EB-5 Program" for a visa. (*Id.*) Plaintiff further alleges that Defendants "had possession and control of

29

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

1   Plaintiff's funds and utilized and diverted Plaintiff's funds without Plaintiff's knowledge." (*Id.* ¶

2   186) Plaintiff alleges he has been damaged in an amount of $1,085,000 due to Defendant's

3   diversion of funds prior to the time in which Plaintiff's investment could have qualified him for an

4   EB-5 Visa. (*Id.* ¶¶ 186-188, 189)

5            Defendants move to dismiss under the theory that Plaintiff's funds ceased to belong to him

6   "once he became a Limited Partner in USIIC I, LP," (Mot. to Dismiss at 13), and that "Plaintiff

7   ha[d] no right to the funds after he invested them." In their Reply, Defendants argue that Plaintiff's

8   escrow argument was not in his FAC, and that he is attempting to "ignore his own pleadings" in

9   arguing that the funds were converted due to their improper removal from escrow. (Reply, ECF 39

10  at 10-11)

11           The Court disagrees with Defendants that Plaintiff has gone beyond the pleadings: Plaintiff

12  clearly articulates his allegations that he was told his funds would be put into escrow, only to be

13  removed and invested by Defendants at a time in which the investment vehicle, the Regional

14  Center, generated enough jobs to qualify for the EB-5 program. (ECF 29 ¶ 189); *see Virtanen v.*

15  *O'Connell*, 140 Cal. App. 4th 688, 705 (2006) (finding sufficient allegations of conversion when

16  property was taken from escrow "when none of the conditions to close [the escrow account] had

17  been met"). The Court believes that Plaintiff has met its burden to state a claim for conversion:

18  Plaintiff alleges that he owned $1,000,000; that he provided that $1,000,000 as an investment, to

19  be placed in escrow, to be removed only if certain conditions were met; that the money was

20  improperly removed before those conditions were met; and that he has suffered damages due to

21  that removal. These facts are sufficient pursuant to the three factor *Mindy's Cosmetics* test. *See*

22  611 F.3d 590, 601.

23           The Court hereby DENIES Defendants' Motion to Dismiss with regard to Plaintiff's

24  seventeenth cause of action for conversion.

25

26

27                                                                          30

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1
<br>
2

vii.    **Lanham Act Violations for False Advertising (18th Cause of Action)**

3       Plaintiff's eighteenth cause of action alleges violations of section 43(a) of the Lanham Act,

4  15 U.S.C. § 1125(a)(1)(B), which "forbids the use of false designations of origin and false

5  descriptions or representations in the advertising and sale of goods and services." *Smith v.*

6  *Montoro*, 648 F.2d 602, 603 (9th Cir. 1981). A false advertising claim under section 43(a) requires

7  the Plaintiff plead five elements:

8              (1) a false statement of fact by the defendant in a commercial
9              advertisement about its own or another's product; (2) the statement
                actually deceived or has the tendency to deceive a substantial
10            segment of its audience; (3) the deception is material, in that it is
                likely to influence the purchasing decision; (4) the defendant caused
11            its false statement to enter interstate commerce; and (5) the plaintiff
                has been or is likely to be injured as a result of the false statement.

12  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

13       Defendants move to dismiss because the Plaintiff has failed to "alleg[e] a false statement

14  about a 'product'," (Mot. to Dismiss, ECF 34 at 22), and that he has not shown that any statement

15  actually did, or had the tendency to, deceive Plaintiff. (*Id.*)

16       The Court agrees with Defendants. Plaintiff does not plead that Defendants made any false

17  statements about the security itself in the commercial advertisements it made over the Internet –

18  rather, he alleges that Defendants made false statements about USIIC's status as an EB-5 Regional

19  Center. (*Cf.* ECF 29 ¶ 54(a)) Plaintiff makes a single cursory allegation that Defendants misled

20  him into believing he could "acquire loans, mortgage[s] and other investment opportunities," but

21  does not plead that such promises were made in Defendants' commercial advertisements. (*Id.* ¶

22  54(g))

23       The Court hereby GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's

24  eighteenth cause of action for claimed violations under the Lanham Act, and grants leave to amend

25  for Plaintiff to sufficiently plead all five elements required for a false advertising claim under

26
<br>
27

31

28  Case No. 13-cv-03044-BLF
<br>
Order Granting in Part Motion to Dismiss and
<br>
Granting Motion for Leave to Amend

1    section 43(a), as outlined above.

2                    **viii.    Unfair Business Practices (19th Cause of Action)**

3            Plaintiff's nineteenth cause of action alleges violations of California Business &

4    Professions Code §§ 17200 *et seq.* and §§ 17500 *et seq.* (ECF 29 ¶ 203) Section 17200 makes it

5    illegal for any party to engage in "unlawful, unfair or fraudulent business act or practice." *Cf.*

6    *Progressive West Ins. Co. v. Yolo Cnty. Superior Court*, 135 Cal. App. 4th 263, 287 (2005) ("An

7    unlawful business practice under section 17200 is 'an act or practice, committed pursuant to

8    business activity, that is at the same time forbidden by law.'"). The statute's purpose is to "protect

9    both consumers and competitors by promoting fair competition in commercial markets for goods

10   and services." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1470 (2006). Section

11   17500, in contrast, prohibits "any advertising which is untrue or misleading, and which is known,

12   or which by exercise of reasonable care should be known, to be untrue or misleading." *People v.*

13   *Forest E. Olson, Inc.*, 137 Cal. App. 3d 137, 139 (1982). While the scope of conduct "covered by

14   the [Unfair Competition Law] is broad, its remedies are limited. . . . [It] is equitable in nature;

15   damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134,

16   1144 (2003) ("Prevailing plaintiffs are generally limited to injunctive relief and restitution.").[3]

17   Injunctive relief is available as remedy when legal remedies, such as damages, are "inadequate."

18   *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312.

19           Plaintiff alleges that Defendants have engaged in "illegal, unfair and fraudulent activities

20   [as] alleged in this complaint," which have harmed "plaintiff and the California public generally."

21   (ECF 29 ¶¶ 203-04) In its Opposition to Defendants' Motion to Dismiss, Plaintiff states that

22   "having alleged facts sufficient to show both a Lanham Act violation and California securities

23   state law, as shown above, Plaintiff also has alleged facts sufficient to support its UCL claim."

24   _____

25   [3] Plaintiff seeks damages under its nineteenth cause of action, which are not obtainable under
     either §17200 or § 17500. (ECF 29 ¶ 205 ("[P]laintiff seeks actual damages in accordance with
26   proof."))

27                                                                  32

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

*United States District Court*
*Northern District of California*

1   (Opp. to Mot. to Dismiss, ECF 37 at 22)

2        Defendants seek to dismiss because Plaintiff "does not even attempt to define what

3   'unlawful,' 'unfair,' or 'fraudulent' business practices Defendants allegedly committed." (Mot. to

4   Dismiss, ECF 34 at 22). Further, Defendants argue that section 17200 "does not reach unlawful,

5   unfair, or fraudulent business practices occurring in securities transactions." (*Id.* at 23 (citing

6   *Bowen v. Ziasum Technologies, Inc.*, 116 Cal. App. 4th 777, 787-88 (2004) ("[F]ederal cases . . .

7   have held that section 17200 also does not apply to securities transactions.")))

8        The Court agrees with Defendants insofar as Plaintiff seeks to state a claim under section

9   17200, based on California securities law. Any such claim is DISMISSED WITH PREJUDICE

10  because section 17200 does not permit claims based in securities transactions. *Cf. Bowen*, 116 Cal.

11  App. 4th 777, 787.

12       However, Plaintiff's second claim, for false advertising under Section 17500, survives the

13  Motion to Dismiss. Plaintiff's claim is not contingent upon its Lanham Act claim, which the Court

14  has dismissed with leave to amend above. Rather, a § 17500 claim merely requires that Plaintiff

15  plead that Defendants engaged in "false, unfair, misleading, or deceptive advertising" that had the

16  tendency to deceive members of the public. *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 331-32

17  (1998). Here, Plaintiff alleges that Defendants advertised that they were a qualified EB-5 Regional

18  Center. (ECF 29 ¶ 29 ("[I]n the promotional video, *and on its website*, USIIC represented itself as

19  a regional center and never mentioned that its application was pending.") (emphasis added)) Such

20  an allegation, taken as true, sufficiently pleads that Defendants made a false advertisement, which

21  could deceive members of the public. A statement made in both promotional videos and on a

22  webpage is a statement likely to be believed by a member of the public reading it.

23       Therefore, Defendants' Motion to Dismiss Plaintiff's nineteenth cause of action for Unfair

24  Business Practices under § 17200 is GRANTED with leave to amend relating to unlawful activity

25  under the Lanham Act, unfair and fraudulent activity.  Claims under § 17200 arising out of the

26

27                                                                            33

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

*United States District Court*
*Northern District of California*

1  securities transaction are DISMISSED WITH PREJUDICE.  Defendants' Motion to Dismiss

2  Plaintiff's nineteenth cause of action for false advertising under § 17500 is DENIED.

3  **ix.    Unjust Enrichment (20th Cause of Action)**

4       Plaintiff's twentieth cause of action is for unjust enrichment. Defendants seek to dismiss

5  because "[t]here is no cause of action in California for unjust enrichment," and that unjust

6  enrichment is merely "synonymous with the remedy of restitution." (Mot. to Dismiss, ECF 34 at

7  23)  Plaintiff argues that this claim is recognized and that regardless of whether the claim is

8  entitled "unjust enrichment" or "restitution", Plaintiff has adequately pled this claim. (Pl. Opp. at

9  23)

10      This Court recognizes that there is a division in the law on this question. California courts,

11  however, have frequently construed causes of action labeled "unjust enrichment" as a "quasi-

12  contract claim seeking restitution." *Rutherfort Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th

13  221, 231 (2014) (construing an unjust enrichment claim as one for restitution, and finding that the

14  trial court erred in sustaining a demurrer to the unjust enrichment claim). Regardless of label,

15  California courts have found that equitable claims sounding in quasi-contract, such as a claim for

16  unjust enrichment, are recognized under California law. *Cf., e.g.*, *Low v. LinkedIn Corp.*, 900 F.

17  Supp. 2d 1010, 1031 (N.D. Cal. 2012) (compiling California case law). This Court is persuaded

18  that a claim for unjust enrichment can lie under California law as "the result of a failure to make

19  restitution under circumstances where it is equitable to do so." *Lauriedale Assoc., Ltd. v. Wilson*, 7

20  Cal. App. 4th 1439, 1448 (1992).

21      Plaintiff must still plead sufficient facts to state a claim for restitution, which can be

22  awarded "in lieu of breach of contract damages when the parties had an express contract, but it

23  was procured by fraud of is unenforceable or ineffective for some reason." *McBride v. Boughton*,

24  123 Cal. App. 4th 379, 389 (2004). If the parties have a valid and enforceable contract, a Plaintiff

25  is generally not permitted to proceed on a quasi-contractual claim. *See, e.g.*, *Klein v. Chevron*,

26

27  34

28   Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court<br>Northern District of California

1   *Inc.*, 202 Cal. App. 4th 1342, 1388 (2012). Under California law, a party pleading unjust

2   enrichment must allege "receipt of a benefit and . . . unjust retention of the benefit at the expense

3   of another." *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1270 (2007). Defendants'

4   Motion to Dismiss does not engage with the elements of an unjust enrichment claim, and instead

5   only asks the Court to dismiss because unjust enrichment is not a cause of action under California

6   law. (ECF 34 at 23; ECF 39 at 12-13)

7        Here, Plaintiff does not claim anywhere in the FAC that the contract is valid. Plaintiff

8   alleges that the Engagement Agreement was procured by a series of fraudulent misrepresentations,

9   (ECF 29 ¶¶ 54-56), though as described above, does not plead with sufficient particularity facts by

10  which his fraud claims survive the pleading requirements of Rule 9(b). Further, Plaintiff alleges

11  that the Defendants have received the benefit of Plaintiff's investment, and that, due to the alleged

12  fraud in procuring Plaintiff's assent to the contract, have retained this investment unjustly and at

13  Plaintiff's expense. (ECF 29 ¶¶ 191-93) However, the substance of Plaintiff's allegations is only

14  that "Defendants misappropriated, commingled, and inappropriately disbursed Plaintiff's

15  $1,085,000 transferred funds." (*Id.* ¶ 209) However, Plaintiff has not alleged any facts as to how

16  these monies have been misappropriated, with which funds they have been commingled, or how

17  the funds have been inappropriately disbursed. Plaintiff's cursory allegations regarding the

18  retention of Plaintiff's investment simply do not rise to the level necessary to state a claim under

19  *Iqbal*, which requires "the plaintiff plead factual content that allows the court to draw the

20  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

21  U.S. 662, 678 (2009).

22       The Court finds that Plaintiff has not sufficiently stated a claim for unjust enrichment. The

23  Court GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's twentieth cause of

24  action, and grants Plaintiff leave to amend.

25

26

27                                    35

28  Case No. 13-cv-03044-BLF
    Order Granting in Part Motion to Dismiss and
    Granting Motion for Leave to Amend

1         **x.**   **Tort Claims (21st and 22nd Causes of Action)**

2      Plaintiff alleges two claims that arise in tort: his twenty-first cause of action for intentional

3    infliction of emotional distress ("IIED"), and his twenty-second cause of action for negligent

4    infliction of emotional distress ("NIED").

5         **1.**   **IIED (21st Cause of Action)**

6      To state a claim for IIED, a Plaintiff must sufficiently plead three elements: (1) that

7    Defendants engaged in "extreme or outrageous conduct" with the intent to cause, or the reckless

8    disregard for the possibility of causing, emotional distress; (2) Plaintiff suffers severe or extreme

9    emotional distress, and (3) actual and proximate causation of the emotional distress by

10   Defendants' outrageous conduct. *Christensen v. Superior Court*, 54 Cal. 3d 868, 902-03 (1991)

11   (citing *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)).

12     Plaintiff claims that Defendants engaged in "outrageous conduct as described more

13   particularly in the allegations above." (ECF 29 ¶ 212) Plaintiff states that this conduct, including

14   "falsely and fraudulently inducing Plaintiff to take the actions hereinbefore described," (*id.* ¶ 213),

15   was "outrageous, intentional, malicious, and done for the purpose of causing Plaintiff to suffer . . .

16   emotional distress." (*Id.* ¶ 214) Plaintiff alleges that he has suffered emotional distress, which was

17   due to Defendants' conduct, (*id.* ¶¶ 215-16), and is entitled to damages.

18     Defendants move to dismiss on the grounds that Plaintiff's FAC "cursorily states that

19   Defendants conduct was outrageous," (Mot. to Dismiss, ECF 34 at 20), and that the claim is "at

20   most a business dispute," (*id.*), and not appropriately considered beyond the boundaries acceptable

21   in a civilized society. Defendants state that Plaintiff has not adequately described his mental

22   anguish suffered as a result of the alleged emotional distress, and cites to the California Supreme

23   Court's decision in *Hughes v. Pair*, 46 Cal. 4th 1035, which says that such emotional distress must

24   be of "such substantial quality or enduring quality that no reasonable [person] in civilized society

25   should be expected to endure it." *Hughes*, 46 Cal. 4th 1035, 1051. Plaintiff asserts that California

26

27                       36

28    Case No. 13-cv-03044-BLF
 Order Granting in Part Motion to Dismiss and
 Granting Motion for Leave to Amend

United States District Court
Northern District of California

United States District Court
Northern District of California

1    courts routinely award emotional distress damages in fraud actions. (Pl. Opp. at 24)

2         The Court agrees with Defendants that Plaintiff has failed to plead *specific* facts alleging

3    intentional infliction of emotional distress. Though Plaintiff does state that he suffers from

4    "mental anguish, anxiety, and humiliation" as a result of Defendants' conduct, (ECF 29 ¶ 216), he

5    does not specify what conduct has caused such distress. Plaintiff merely reincorporates the entirety

6    of his pleadings, asking the Court to view his previous 211 paragraphs of allegations in total and

7    infer that at least some of those allegations rise to the level necessary to show "extreme or

8    outrageous conduct" as necessary to prove the first *Christensen* factor. 54 Cal. 3d 868, 903.

9    Plaintiff makes no attempt to prove the causation between specific facts and the emotional distress

10   from which he alleges to suffer. He states only that he has suffered emotional distress due to the

11   general conduct of Defendants. He has not proven causation between Defendants' specific conduct

12   and his own particular emotional distress.

13        Plaintiff claims in response that the California Supreme Court has "generally award[ed]

14   emotional distress damages in fraud actions," but cites only to a case that awards garden variety

15   emotional distress damages, not based upon a claim of IIED. The California Supreme Court has

16   set a high bar for finding severe emotional suffering. *See Hughes,* 46 Cal. 4th 1035, 1050.

17   Plaintiff has failed to allege facts to support his conclusory allegations of severe emotional

18   suffering. *See Bass v. City of Fremont*, Case No. C12-cv-04943 THE, 2013 WL 891090 at *7

19   (N.D. Cal. Mar.8, 2013) (dismissing IIED claim based on similarly deficient allegations of severe

20   emotional suffering). The Court hereby GRANTS Defendants' Motion to Dismiss with regard to

21   Plaintiff's twenty-first cause of action for IIED. Plaintiff is granted leave to amend in order to

22   plead *specific* facts that show the extreme and outrageous conduct and causation prongs of the

23   *Christensen* test.

24                    **2.      NIED (22nd Cause of Action)**

25        Plaintiff's twenty-second cause of action is for negligent infliction of emotional distress.

26

27                                          37

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend

1   The California Supreme Court has repeatedly held that there exists in California "no such thing as

2   the independent tort of negligent infliction of emotional distress." *Gu v. BMW of N. Am., LLC*, 132

3   Cal. App. 4th 195, 202 (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965)). A claim for

4   negligent infliction of emotional distress requires that the party plead facts to state a claim for

5   general negligence: (1) that Defendant owed Plaintiff a duty, (2) which Defendant breached, (3)

6   the breach of which was an actual and proximate cause of (4) Plaintiff's damages. *See, e.g.*,

7   *Burgess v. Superior Court*, 2 Cal. 4th 1064 (1992) ("[W]ell-settled principles of negligence are

8   invoked to determine whether all elements of a cause of action, including duty, are present in a

9   given case [for negligent infliction of emotional distress.").

10      Plaintiff alleges that Defendants have "engaged in the outrageous conduct as described

11   more particularly [] in the allegations above," (ECF 29 ¶ 219) and that they "knew or should have

12   known that their failure to exercise due care in the performance of their promises would cause

13   Plaintiff severe emotional distress." (*Id.* ¶ 220) Plaintiff alleges that the Defendants' actions have

14   caused him "mental anguish, anxiety, and humiliation, and physical manifestations of such

15   emotional distress, financial loss and debt." (*Id.* ¶ 221)

16      Defendants move to dismiss on the grounds that Plaintiff has not pleaded the necessary

17   "traditional elements of duty, breach, causation, and damages." (Mot. to Dismiss, ECF 48 at 21)

18   The Court agrees. First, Plaintiff has not specifically alleged why *each* Defendant owed him a

19   duty. Having failed to do so, Plaintiff is not able to allege that each Defendant has breached this

20   duty, nor that said breaches, if occurring, were the actual and proximate causes of Plaintiff's

21   alleged damages.

22      The Court GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's claim for

23   negligent infliction of emotional distress. The Court grants Plaintiff leave to amend in order to

24   allege facts to show how *each* Defendant is liable under a theory of negligence.

25

26

27                                          38

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

United States District Court
Northern District of California

1

      **C.**        **Motion for Leave to File a Second Amended Complaint**

2

     Leave to amend should be freely granted "when justice so requires." *Lopez v. Smith*, 203

3

F.3d 1122, 1127. A court may deny leave to amend, however, when it is sought in bad faith, or for

4

an improper purpose. *See, e.g.*, *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110

5

(N.D. Cal. 2002). The Court generally considers four factors in deciding whether leave to amend

6

is proper: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."

7

*Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007).

8

     Plaintiff seeks leave to amend so as to assert four additional claims: breach of contract,

9

breach of implied covenant of good faith and fair dealing, rescission, and "accounting and

10

constructive trust." (Mot. for Leave to Amend ("Mot. for Leave"), ECF 50 at 5) Plaintiff further

11

seeks to withdraw four claims, which encompass five causes of action: violations of section 17(a)

12

and 15(a) of the Securities Exchange Act of 1934, violations of broker-dealer registration

13

provisions, civil conspiracy, and aiding and abetting. (*Id.*) Defendants oppose this request for two

14

reasons: that the claims are subject to the arbitration agreement discussed above, and that the

15

Motion is brought in bad faith, and as a "publicity effort to harm the defendants, rather than a

16

serious effort to address the defects in the pleading of the FAC." (Opp. to Mot. for Leave, ECF 53

17

at 6) The Court finds both arguments unpersuasive.

18

     As to Defendants' first argument regarding the effect of the arbitration agreement, the

19

Court will defer determining which claims are governed by that agreement until it determines

20

whether the arbitration clause is valid.  As set forth above, Defendants are advised of the

21

requirement under the FAA that they file a petition to compel arbitration.

22

     As to Defendants' second argument that the proposed SAC is brought in bad faith, the

23

Court finds that Plaintiff's proposed Second Amended Complaint seeks to supplement the factual

24

allegations and respond to the claims raised by Defendants in the Motion to Dismiss. Plaintiff's

25

decision to withdraw several claims, for example, evidences an attempt to clarify the causes of

26

27

28

 Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

1    action to be decided on the merits.

2         Defendants have not adequately alleged any of the four factors that would permit this

3    Court to deny leave to amend. Defendants argue that Plaintiff is attempting to "defame"

4    Defendants, and that this SAC is a mere "publicity effort." (ECF 53 at 6; *see also id.* at 4-6)

5    Defendants cite to several actions taking place outside the courtroom and litigation as evidence of

6    a "campaign to defame the defendants." (*Id.* at 5) However, Defendants provide no rationale as to

7    why granting Plaintiff the opportunity to file an SAC would help such an alleged publicity effort.

8    Since Defendants do not allege that the opportunity to file an SAC would result in undue delay of

9    the litigation, the Court believes it unlikely that granting leave to file an SAC would result in

10   additional publicity for any alleged campaign to defame Defendants. Rather, the Court believes

11   that granting leave to amend would better effectuate the purposes of Rule 15, "facilitat[ing]

12   decision on the merits" of the claims. *Lopez v. Smith*, 203 F.3d 1122, 1127.

13        The Court hereby GRANTS Plaintiff's Motion for Leave to Amend.  Plaintiff is cautioned

14   that any amendment must also address the deficiencies outlined in this Order.  Failure at this

15   juncture to correct the pleading may be fatal to Plaintiff's claims.  The court does GRANT leave to

16   add the additional claims set forth in the proposed SAC.  Plaintiff shall file the SAC within

17   twenty-one (21) days of this Order, no later than July 14, 2014.

## IV. ORDER

19        The Court hereby orders as follows:

20        1.    Defendants' Motion to Dismiss on the grounds the contract is subject to an

21   arbitration agreement is DENIED.

22        2.    Defendant's Motion to Dismiss Plaintiff's **seventeenth** cause of action, for

23   conversion, and **nineteenth** cause of action for violations of California Business & Professions

24   Code § 17500 are DENIED without leave to amend.

25        3.    Plaintiff's **second**, **fourth**, **ninth**, **tenth**, and **eleventh** causes of action are

40

Case No. 13-cv-03044-BLF
Order Granting in Part Motion to Dismiss and
Granting Motion for Leave to Amend

United States District Court
Northern District of California

1   DISMISSED pursuant to Plaintiff's decision to voluntarily withdraw them from the litigation.

2       4.      Plaintiff's **first** and **seventh** causes of action, for violations of state and federal

3   securities registration requirements, are DISMISSED with leave to amend.

4       5.      Plaintiff's **third** and **sixth** causes of action, for federal and state securities fraud,

5   are DISMISSED with leave to amend.

6       6.      Plaintiff's **fifth** cause of action, for violation of the Investment Advisers Act, is

7   DISMISSED with leave to amend.

8       7.      Plaintiff's **eighth** cause of action, for RICO violations, is DISMISSED with leave

9   to amend.

10      8.      Plaintiff's **twelfth**, **thirteenth**, **fourteenth**, and **fifteenth** causes of action, for

11  common law fraud, are DISMISSED with leave to amend.

12      9.      Plaintiff's **sixteenth** cause of action, for embezzlement, is DISMISSED WITH

13  PREJUDICE.

14      10.     Plaintiff's **eighteenth** cause of action, for violations of the Lanham Act, is

15  DISMISSED with leave to amend.

16      11.     Plaintiff's **nineteenth** cause of action, for violations of California Business &

17  Professions Code § 17200 arising out of a securities transaction, is DISMISSED WITH

18  PREJUDICE.

19      12.     Plaintiff's **twentieth** cause of action, for unjust enrichment, is DISMISSED with

20  leave to amend.

21      13.     Plaintiff's **twenty-first** and **twenty-second** causes of action, for tort violations, are

22  DISMISSED with leave to amend.

23      14.     Plaintiff's Motion to Amend is GRANTED. Plaintiff shall have twenty-one (21)

24  days from the date this Order is issued to file with the Court a Second Amended Complaint, no

25  later than July 14, 2014, consistent with the terms of this Order and the amendments outlined in

26

27                                                      41

28   Case No. 13-cv-03044-BLF
     Order Granting in Part Motion to Dismiss and
     Granting Motion for Leave to Amend

United States District Court
Northern District of California

1    the Motion to Amend.

2         **IT IS SO ORDERED.**

3

4    Dated: June 23, 2014

5                                                    _____
                                                     BETH LABSON FREEMAN
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                   42

28    Case No. 13-cv-03044-BLF
      Order Granting in Part Motion to Dismiss and
      Granting Motion for Leave to Amend