UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAEID MOHEBBI,<br><br>Plaintiff,<br><br>v.<br><br>MAHNAZ KHAZEN, et al.,<br><br>Defendants. | Case No. 13-cv-03044-BLF<br><br>**ORDER DENYING MOTION TO PARTIALLY LIFT THE STAY**<br><br>[Re: ECF 86] |

Having allegedly been deceived into investing in a partnership in exchange for an immigrant visa, Plaintiff Saied Mohebbi brings suit against Defendants for fraud and other causes of action. Second Am. Compl. ("SAC"), ECF 66. The Court previously granted Defendants' motion to compel arbitration and stay remaining claims. Presently before the Court is Defendant Stacey Conti's motion to lift the stay. Having reviewed the papers and oral argument of the parties, the Court DENIES Defendant Stacey Conti's motion to partially lift the stay for the reasons set forth below.

**I.   BACKGROUND**

According to the SAC, Plaintiff Saied Mohebbi ("Mohebbi") is a Farsi-speaking Iranian citizen who, in 2012, was interested in obtaining permanent residency in the United States through the EB-5 Immigrant Investor Visa Program. SAC ¶ 26. This program allows foreign nationals to obtain a green card if they invest a certain amount of money (generally $500,000 or $1 million, depending on certain factors) in the United States. *Id.* While living in Iran, he learned about Defendant U.S. Immigration Investment Center LLC ("USIIC") through an online Farsi-language video, and, in April 2012, met with its CEO, Ms. Khazen, in Los Angeles during a trip to the United States. *Id.* ¶ 30. In this meeting, Khazen and Mohebbi discussed ways in which Mohebbi

could invest money with USIIC so as to qualify for an EB-5 visa. *Id.* ¶ 29-30. Plaintiff contends that at the time USIIC advertised itself on its website as the "only EB-5 Regional Center organization with its foundation in United States banking," despite the fact that USIIC had not been approved by United States Citizenship and Immigration Services ("USCIS") to serve as an EB-5 Regional Center. *Id.* ¶ 26.

After returning to Iran, Mohebbi received correspondence from Khazen via email regarding the terms of an investment. *Id.* ¶ 31. After several exchanges between Mohebbi and certain Defendants, Mohebbi agreed to invest over $1 million into a partnership in exchange for Defendants' assistance in helping him qualify for the federal EB-5 immigrant visa program. *Id.* ¶¶ 32-36. Mohebbi now asserts twenty-two causes of action against Defendants in the SAC for fraudulently inducing his investment among other claims.

As to Defendant Stacey Conti ("Conti"), Mohebbi alleges that Conti was the Chief Banking Officer of USIIC, and exercised control over USIIC, including the editing and publication of USIIC's website and promotional materials. *Id.* ¶¶ 16, 20, 54, 65, 145, 163, 214, 217. According to Mohebbi, Conti along with other Defendants, also prepared and supervised the preparation of the agreement signed by Mohebbi. *Id.* ¶ 85.

Previously, the Court granted in part Defendants' motions to compel arbitration certain causes of action and denied in part as to false and misleading advertising in count 13 and violation of § 17500 of the California Business and Professions Code as part of count 14 of the SAC. ECF 81. For claims that were not ordered to be arbitrated, this Court also granted Defendants' motion to stay litigation of those claims. *Id.*

In initiating arbitration, Mohebbi elected not to name Conti as a respondent. Mot. 1, ECF 86-1. However, Conti remains a defendant in the claims of false and misleading advertising and violation of California Business and Professions Code § 17500 in this case. The arbitration was originally scheduled to start on March 20, 2017 but the parties represented at the hearing that it was postponed to June 2017. Heller Decl. ¶ 2; Opp'n 2, ECF 88. Conti now moves to lift the stay of litigation so she can conduct discovery and bring a dispositive motion. Mot. 1.

## II. DISCUSSION

Conti claims that the stay should be lifted for claims asserted against her because being a defendant in this case jeopardizes her career in the banking and finance industry and other professional or personal pursuits. Mot. 2. Conti avers that while she was a non-signatory to the agreement containing the arbitration clause, she joined other Defendants in moving to compel arbitration. *Id.* at 3. Nonetheless, she was not named as a respondent in the arbitration and thus "remains in limbo" without a means to defend herself. *Id.*; Reply 1, ECR 89. Conti also asserts that the claims against her – Lanham Act and California Business and Professions Code § 17500 – are meritless. Mot. 4. Conti then urges this Court to lift the stay so that she could conduct limited written discovery and bring a dispositive motion to establish her lack of liability. *Id.* at 3, 5 (citing *GEA Group AG v. Flex-N-Gate Corp.,* 740 F. 3d 411 (7th Cir. 2014)). Furthermore, given that she is not a respondent in the arbitration proceeding, Conti contends that the outcome of the arbitration would not govern the pending claims against her in this case. Reply 1.

Mohebbi opposes this motion, arguing first that Conti provides no reasonable basis to lift the stay given that Conti requested the stay in the first place and the arbitration will soon be completed. Opp'n 2-3. Mohebbi also underscores that Conti was in charge of advertising and promotion of USIIC, which contained false statements, so the stayed claims against her are not meritless. *Id.* at 3-5.

Pursuant to the Federal Arbitration Act, when a court determines that some claims are arbitrable while some are not, the claims that are not arbitrable must be stayed pending the completion of arbitration. 9 U.S.C. § 3 ("[The Court,] on application of one of the parties [must] stay the trial of the action until such arbitration has been held in accordance with the terms of the agreement.").

Separately from the requirement to stay non-arbitrable claims, "the power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). Accordingly, federal district courts have broad discretion to stay discovery in the interests of justice. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

While recognizing that being a defendant in this action may hinder certain activities Conti wants to pursue, the Court finds that lifting the stay against her at this stage is not in the interests of justice. First, Conti, together with other Defendants, requested the stay in the first place, which the Court granted. Only afterwards, more than two years later, does Conti realize the disadvantages to staying the litigation despite the fact that the current stay is of Conti's own choosing. Lifting the stay as to Conti would also put different Defendants on different schedules, with the risk of creating potential estoppel and prejudice to other Defendants. Lifting the stay thus would not only be contrary to the mandate of the Federal Arbitration Act but would also prejudice other Defendants. Second, the parties did not dispute at the hearing that the arbitration will proceed in June 2017 and thus draw to a close shortly thereafter. Given that the stay was instituted more than two years ago, whatever additional hardship or prejudice to Conti stemming from a length of stay between now and until arbitration is completed should be relatively small in comparison to any pre-existing inconvenience Conti has already experienced.

The sole authority relied upon by Conti, *GEA Group AG v. Flex-N-Gate Corp.*, fails to persuade the Court otherwise. 740 F. 3d 411 (7th Cir. 2014). First, the Seventh Circuit in *GEA* merely affirms the decision of the lower court to allow a partial lift of the stay to permit a defendant to conduct discovery but does not make mandatory such partial lift. *Id.* at 413, 416 (framing the question as "whether the district court had authority to allow any discovery to proceed"). Second, the circumstances justifying the partial lift in *GEA* are not analogous to the present case. The plaintiff in *GEA*, not content with having initiated an arbitration proceeding in Germany, filed a suit in a federal district court in Illinois, only to immediately move to stay the Illinois suit pending resolution of the arbitration proceeding. *Id.* at 413-14. The Seventh Circuit found that the plaintiff should not have brought the suit in Illinois anyway, as the suit not only offered the plaintiff "a second bite at the same apple" but was also brought in violation of the arbitration clause. *Id.* at 416. The court then concluded that it was sensible for the lower court to allow a defendant to conduct discovery for claims now nine years old. *Id.* at 414, 416. In contrast to *GEA*, Mohebbi here did not file this suit while arbitration is pending, only to stay this case so to obtain a "second bite at the same apple." Instead, it was Defendant Conti, together with other

Defendants, who moved to stay pending arbitration and who also now is moving to lift the stay.

At this junction, when the completion of arbitration is imminent, this Court finds that maintaining the stay is in the interests of justice and would not introduce substantial prejudice or hardship to any party. Awaiting the result of the arbitration furthers the goal of efficiency for both the judiciary and litigants. Conversely, granting the motion to lift the stay would undermine the purpose for which it was originally granted, to permit the arbitration to resolve issues relevant to the claims in this case and prevent prejudice to other parties in this case, as intended by the Federal Arbitration Act. Therefore, the Court finds reasons proffered by Conti insufficient to lift the stay at this juncture and DENIES her motion for an order partially lifting the stay.

**IT IS SO ORDERED.**

Dated: March 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge