# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SAEID MOHEBBI,<br><br>    Plaintiff,<br><br>v.<br><br>MAHNAZ KHAZEN, et al.,<br><br>    Defendants. | Case No. 13-cv-03044-BLF<br><br>**ORDER DENYING DEFENDANTS'** *EX PARTE* **APPLICATION FOR TRO AND ORDER TO SHOW CAUSE**<br><br>[Re: ECF 112] |

Before the Court is Defendants' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Application for TRO"). ECF 112 (filed on the evening of October 3, 2018). On the morning of October 4, 2018, Plaintiff filed an initial Opposition to Defendants' Application for TRO ("Initial Opposition"). ECF 120-2. The Court subsequently granted Plaintiff leave to file an updated opposition to Defendants' Application for TRO no later than Tuesday, October 9, 2018 at 10:00 a.m. *See* ECF 123. Plaintiff submitted his Updated Opposition to Defendants' Application for TRO ("Updated Opposition") on October 5, 2018. ECF 128-1. The Court finds the Application for TRO suitable for submission without oral argument. For the reasons that follow, Defendants' Application for TRO is DENIED.

## I. BACKGROUND

On March 28, 2018, Plaintiff Saeid Mohebbi ("Plaintiff") and Defendants reached a Comprehensive Settlement, Release, and Security Agreement ("Settlement Agreement"). *See* Application for TRO at 2. The Settlement Agreement provides that the Court may "enter the Stipulated Judgment attached as Exhibit F [to the Settlement Agreement]" if the "full Settlement Amount, and all accrued interest, if any, is not paid with[in] the [] period specified." *See* Settlement Agreement § 5.1(b), ECF 120-1 (Ex. 2). The Settlement Agreement also provides that

"[Plaintiff] may immediately foreclose on the security referred to [in the Settlement Agreement], which Defendants shall not oppose, directly or indirectly," if the full Settlement Amount is not paid within the period specified. *See* Settlement Agreement § 5.2.

The parties agree that Defendants did not make timely payment as required under the Settlement Agreement, but dispute who is at fault and thus what actions should result from Defendants' failure to pay. *See* Application for TRO at 3; Initial Opposition at 1–3. Defendants' Application for TRO arises from this dispute.

## II. LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A party seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction can issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [the moving party's] favor," provided that the moving party can also demonstrate the other *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted). Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not;" rather, it requires the moving party to demonstrate a "substantial case for relief on the merits." *Leiva–Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011). Under either standard, the moving party bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

## III. DISCUSSION

Defendants request the following relief:

(1) A temporary restraining order ("TRO") restraining and enjoining Plaintiff from filing for Stipulated Judgment under the terms of the Settlement Agreement, or in the alternative, requiring Plaintiff to make such filing under seal;

(2) A TRO restraining and enjoining Plaintiff from foreclosing on the properties[1] located at 143 Bay Place and 2332 & 2336 Harrison Street, Oakland, California ("The Properties");

(3) An Order to Show Cause why a Preliminary Injunction identical to the requested TRO should not issue; and

(4) A finding of damages for breach of contract and breach of the implied covenant of good faith and fair dealing; and judicial declaration that § 5.1 of the Settlement Agreement is void and unenforceable.

Application for TRO at 1–2.

For the reasons that follow, Defendants' requested relief is DENIED. The Court discusses each request in turn.

### A. TRO requesting to enjoin filing for Stipulated Judgment

Defendants have failed to demonstrate that a filing for Stipulated Judgment is "likely to [result in] irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Although the option of filing for Stipulated Judgment is available only to Plaintiff under the terms of the Settlement Agreement, the Settlement Agreement explicitly outlines the "Procedure for Entering [Stipulated] Judgment," which includes a mandatory fourteen-day time period in which Defendants may file an Opposition/Response. *See* Ex. F to Settlement Agreement at ¶¶ A–C. Therefore, a filing for Stipulated Judgment alone is not likely to cause irreparable harm, as Defendants would have adequate opportunity to respond.

In the alternative, Defendants request to enjoin Plaintiff from filing for Stipulated Judgment unless under seal. Application for TRO at 1. The Court notes that Defendants have not

---

[1] These properties were listed as "security" under § 3 of the Settlement Agreement.

3

1 demonstrated likelihood of success on the merits for this requested relief, because the Settlement
2 Agreement provides for "permissible disclosure," including "(c) in any action or proceeding to
3 enforce this Agreement." *See* Settlement Agreement § 4.1, ECF 120-1 (Ex. 2). Further, the
4 Settlement Agreement provides that "a Party objecting to disclosure may take all available steps to
5 file any confidential material, or pleadings referring to confidential material, under seal." *Id.* The
6 Court construes this provision as allowing the objecting party, here Defendants, to request sealing
7 of documents under Civil Local Rule 7-11. Insofar as the Court has previously ordered that the
8 documents be provisionally filed under seal so that Defendants could submit declarations
9 supporting sealing and Plaintiff has done so, *see, e.g.*, ECF 129, there is no likelihood of
10 irreparable harm. Further, the Settlement Agreement provides liquidated damages in the event "a
11 Party breaches th[e] confidentiality provision," and provides for no other damages or relief. *See*
12 Settlement Agreement at § 4.2; *Winter*, 555 U.S. at 20.

Accordingly, although Defendants' Application for TRO enjoining Plaintiff's filing for Stipulated Judgment is DENIED in its entirety, Plaintiff's Application for Entry of Stipulated Judgment (ECF 129-1) shall remain conditionally under seal pending the Court's ruling on Plaintiff's administrative motion to file that application under seal (ECF 129). Pursuant to Civil Local Rule 7-11, any opposition to Plaintiff's administrative motion at ECF 129 shall be filed by Defendants "no later than 4 days after the motion has been filed." Civ. L.R. 7-11(b).

### B. TRO requesting to enjoin foreclosure proceedings

The Court acknowledges that irreparable harm to Defendants may exist if the subject properties in Oakland are improperly foreclosed on by Plaintiff. However, at present, any such harm is purely speculative. For one, Defendants offer no evidence that foreclosure action(s) have been commenced, but merely that foreclosure is available to Plaintiff under § 5.2 of the Settlement Agreement. *See* Settlement Agreement § 5.2, ECF 120-1 (Ex. 2). This does not amount to a showing that Defendants are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Second, Plaintiff has stated that "there are no pending foreclosure proceedings," and has further indicated that Plaintiff will not file foreclosure action(s) during the pendency of Plaintiff's Application for Entry of Stipulated Judgment (ECF 129-1). *See* Initial

4

Opposition at 7–8, ECF 120-2. Furthermore, per the Settlement Agreement—and as Plaintiff acknowledges—Defendants are provided with fourteen days to file an Opposition/Response to Plaintiff's Application for Entry of Stipulated Judgment. *See* Initial Opposition at 5; *see also* Ex. F to Settlement Agreement at ¶ B.

Accordingly, Defendants' Application for TRO to enjoin foreclosure proceedings as to The Properties is DENIED WITHOUT PREJUDICE. This element of the TRO may be refiled with the Court in the event foreclosure proceedings are commenced prior to the Court ruling on Plaintiff's Application for Entry of Stipulated Judgment (ECF 129-1).

### C. Order to Show Cause re Preliminary Injunction

As Defendants' Application for TRO is denied, Defendants' Order to Show Cause why a Preliminary Injunction identical to the TRO should not issue is likewise DENIED. Defendants' Application for TRO is denied without prejudice to Defendants filing a motion for preliminary injunction.

### D. Finding of Damages and Judicial Declaration

Defendants' requested relief in the form of damages for breach of contract and breach of the implied covenant of good faith and fair dealing, and for judicial declaration as to purportedly void and enforceable contract terms, is not appropriate relief under a TRO. Accordingly, Defendants' request for a finding of damages and judicial declaration is DENIED. Such arguments may be appropriate in response to the pending Application for Stipulated Judgment (ECF 129-1).

## IV. CONCLUSION

For the foregoing reasons, Defendants' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction at ECF 112 is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 10, 2018

_____
BETH LABSON FREEMAN
United States District Judge

5