**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAEID MOHEBBI, <br> Plaintiff, <br> v. <br> MAHNAZ KHAZEN, et al., <br> Defendants. | Case No. 13-cv-03044-BLF <br><br> **OMNIBUS ORDER RE ADMINISTRATIVE MOTIONS TO SEAL** <br><br> [Re: ECF 115, 119, 120, 128, 129] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with Defendants' Application for Temporary Restraining Order (ECF 112) and Plaintiff's Application for Entry of Stipulated Judgment (ECF 129-1). ECF 115, 119, 120, 128, 129. For the reasons stated below, the motions are GRANTED IN PART, DENIED IN PART with prejudice, and DENIED IN PART without prejudice.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed Plaintiff and Defendants' sealing motions and the declarations of the designating parties submitted in support thereof. The Court finds that the parties have articulated compelling reasons to seal certain portions of some of the submitted documents. While some of the proposed redactions are narrowly tailored, some are not. The Court's rulings on the sealing requests are set forth in the tables below.

**A. ECF 115 and ECF 119 (Defendants' Motions re TRO)**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 119 | Defendants' Administrative Motion to File Under Seal | DENIED WITH PREJUDICE. | Defendants have not provided sufficient reasons for sealing. |
| 119-1 | Comprehensive Settlement, Release, and Security Agreement ("Settlement Agreement") | GRANTED. | The Settlement Agreement is designated confidential under Section 4 of the agreement. Benning Decl. ¶ 2, ECF 115-1; Settlement Agreement § 4.1<br><br>This ruling **applies only to** Defendants' request to seal at 119-1. |
| 119-2 | Reinstatement and Second Amendment to Contract of Sale ("Contract of Sale") | GRANTED. | The Contract of Sale contains sensitive and confidential information of a third party, disclosure of which would harm Defendants. Benning Decl. ¶ 3, ECF 115-1.<br><br>This ruling **applies only to** Defendants' request to seal at 119-2. |

3

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 119-3 | Email re Notice of Default | GRANTED. | The Email re Notice of Default contains sensitive and confidential information, disclosure of which would harm Defendants. Benning Decl. ¶ 3, ECF 115-1.<br><br>This ruling **applies only to** Defendants' request to seal at 119-3. |
| 119-4 | Email re Notice of Default | GRANTED. | The Email re Notice of Default contains sensitive and confidential information, disclosure of which would harm Defendants. Benning Decl. ¶ 3, ECF 115-1.<br><br>This ruling **applies only to** Defendants' request to seal at 119-4. |

**B.    ECF 120 (Plaintiff's Motion re Opposition to TRO)**

Plaintiff's Opposition to Defendants' Application for TRO and supporting documents (ECF 120, 120-1, 120-2, 120-3) were filed under conditional seal. Plaintiff objects to any and all sealing of the Application for Stipulated Judgment and supporting documents. *See* ECF 120 at 1. Defendants request sealing.

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 120 | Plaintiff's Administrative Motion to File Under Seal | DENIED WITH PREJUDICE. | Defendants have not provided sufficient reasons for sealing. |
| 120-1 | Declaration of Steven Holland | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |
| 120-2 | Plaintiff's Opposition to Defendants' Application for TRO | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |
| 120-3 | Plaintiff's Proposed Order | DENIED WITH PREJUDICE. | Defendants have not provided sufficient reasons for sealing. |

4

### C. ECF 128 (Plaintiff's Motion re Updated Opposition to TRO)

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 128-1 | Plaintiff's Updated Opposition to Defendants' Application for TRO | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |

### D. ECF 129 (Plaintiff's Motion re Application for Stipulated Judgment)

Plaintiff's Application for Stipulated Judgment Pursuant to Comprehensive Settlement, Release, and Security Agreement (ECF 129-1) and supporting documents (ECF 129-2, 129-3, 129-4, 129-5) were filed under conditional seal. Plaintiff objects to any and all sealing of the Application for Stipulated Judgment and supporting documents. *See* ECF 129 at 1; ECF 131 at 1. Defendants request sealing of all of the documents in their entirety. *See* ECF 132 at 2.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 129-1 | Plaintiff's Application for Entry of Stipulated Judgment Pursuant to Comprehensive Settlement, Release, and Security Agreement | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |
| 129-2 | Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Application for Entry of Stipulated Judgment | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |
| 129-3 | Declaration of Steven N. Holland in Support of Plaintiff's Application for Entry of Stipulated Judgment | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |
| 129-4 | Declaration of Saeid Mohebbi in Support of Plaintiff's Application for Entry of Stipulated Judgment | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 129-5 | Declaration of Dariush Gilani in Support of Plaintiff's Application for Entry of Stipulated Judgment | Defendants' request to seal is DENIED without prejudice. | Defendants request sealing of the entire document. This proposed redaction is not narrowly tailored. |

## III. CONCLUSION

For the foregoing reasons, the sealing motions at ECF 115, 119, 120, 128, and 129 are GRANTED IN PART, DENIED IN PART with prejudice, and DENIED IN PART without prejudice. For any document that has been denied sealing without prejudice, **the designating party** (Defendants) may renew its request for sealing by submitting more narrowly tailored redactions and supporting declaration(s). Defendants are reminded that as the Designating Party seeking sealing, Defendants bear the burden of "establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

Any renewed request must be filed **on or before October 29, 2018**. If no renewed request is filed by that date, the sealing request will be denied with prejudice. For any request that has been denied with prejudice because the designating party has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: October 22, 2018

_____
BETH LABSON FREEMAN
United States District Judge