**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAEID MOHEBBI, | Case No. 13-cv-03044-BLF |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| MAHNAZ KHAZEN, et al., | [Re: ECF 143] |
| Defendants. | |

Before the Court is Defendants' Renewed Administrative Motion to File Under Seal ("Motion"). Motion, ECF 143. Plaintiff opposes the Motion. Opp'n, ECF 145. For the reasons stated below, Defendants' Motion is DENIED.

On October 22, 2018, the Court granted in part and denied in part five separate sealing motions in this action. *See* Omnibus Order, ECF 134. The Omnibus Order permitted renewed requests to seal certain documents or portions of documents, and the instant Motion followed.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II.     DISCUSSION

Defendants' Motion seeks to seal portions of six documents:  ECF 120-1, 120-2, 128-1, 129-1, 129-2, and 129-3. *See* Motion at 2–4, ECF 143. These six documents are declarations and briefs that refer to either the parties' ICC Arbitration Award or the parties Comprehensive Settlement, Release, and Security Agreement ("Settlement Agreement"). *Id.* Defendants request sealing of the entire Settlement Agreement and its exhibits and portions of the Arbitration Award. *Id.* Defendants argue that sealing is justified because "certain provocative factual findings in the ICC Arbitration Award . . . could affect their professional standings if disclosed" and because the Court previously granted a sealing request concerning the Settlement Agreement. *Id.* The Court disagrees for at least three reasons.

First, the Court's order that previously granted sealing of the Settlement Agreement explicitly limited sealing to "Defendants' request to seal at [ECF] 119-1" only. *See* Omnibus Order at 3, ECF 134. The Omnibus Order permitted sealing during briefing on the parties' underlying dispute (*see* ECF 129-1) prior to full review by the Court. That review is now complete and the Omnibus Order does not dictate continued sealing because it was limited to Defendants' previous request only.

Second, the Settlement Agreement explicitly provides that notwithstanding the confidentiality provisions, the Arbitration Award and "all of the terms and conditions" of the Settlement Agreement "may be disclosed as follows: . . . (c) in any action or proceeding to enforce this [Settlement] Agreement." *See* Settlement Agreement § 4.1, Ex. 2 to Holland Decl., ECF 120-1. As Plaintiff points out, *see* Opp'n at 2, the parties have been litigating enforcement of the Settlement Agreement, *see, e.g.*, ECF 112; ECF 129-1. Moreover, the Settlement Agreement states that "Stipulated Judgment may confirm and attach the [Arbitration] Award, notwithstanding the confidentiality provision in section 4.1." *See* Settlement Agreement § 5.1(b). The Court has

1    since ruled that Plaintiff is entitled to entry of such Stipulated Judgment under the Settlement

2    Agreement.  *See* ECF 153.  Additionally, nothing in the Settlement Agreement provided for in

3    camera review by the Court only.  Section 4.1 expressly allows "disclosure in any action" to

4    enforce the Settlement Agreement.  "Disclosure" can only be reasonably interpreted as filing in

5    the public court record.  Thus, public disclosure of the Arbitration Award and Settlement

6    Agreement is permissible and warranted per the terms of the Settlement Agreement.

7         Third, the Arbitration Award and Settlement Agreement are "more than tangentially

8    related to the merits of [the] case" and Defendants have not articulated "compelling reasons" for

9    sealing.  *See Ctr. for Auto Safety*, 809 F.3d at 1101–02.  Defendants assert that their "professional

10   standings" could be "affect[ed]" by public disclosure of the documents.  *See* Motion at 2.

11   However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

12   incrimination, or exposure to further litigation will not, without more, compel the court to seal its

13   records."  *Kamakana*, 447 F.3d at 1179.  Here, Defendants have submitted nothing more than the

14   possibility of such denunciation, and thus have failed to make the requisite showing.  Accordingly,

15   no grounds exist upon which to grant Defendants' Motion.

16   **III.    CONCLUSION**

17        For the foregoing reasons, Defendants' Renewed Administrative Motion to File Under

18   Seal at ECF 143 is DENIED.  The parties are directed to file the unredacted versions of the

19   documents for which sealing was denied, consistent with this ruling, as a separate docket entry no

20   earlier than 4 days, and no later than 10 days, from the date of this order.

21

22        **IT IS SO ORDERED.**

23   Dated: January 9, 2019

24   _____

25   BETH LABSON FREEMAN
     United States District Judge

26

27

28

3